## GEORGE L. HORN

77   381
78a  216

*v.*

## MARTHA SMITH.

1. INTOXICATING LIQUORS—*civil liability for sale to one in the habit of getting drunk.* In a suit by a wife against one for injury to her means of support, by selling liquor to her husband, it appeared that the latter had done work for the defendant amounting to $145.50, and that, upon a settlement, but a small sum was found due; and that the husband was an habitual drunkard, and frequently got liquor of the defendant, which contributed to his dissipation, idleness and waste of time, and that the wife was compelled to mortgage her property to pay taxes, doctor bills and for the support of the family: *Held,* that it was but a fair inference that the sale of liquor by the defendant to the husband produced injury to the means of support of his family, and that the jury were warranted in so finding.

2. SAME—*evidence.* It is not required that the evidence shall be clear, positive and specific as to the time, place, manner, and each item of loss,

to authorize the jury to find injury to the support of the family, but that fact may be proved, like any other, by circumstances.

APPEAL from the Circuit Court of Coles county; the Hon. O. L. DAVIS, Judge, presiding.

This was an action on the case. by Martha Smith, against George L. Horn. The opinion of the court states the material facts of the case. The jury found for the plaintiff, and assessed her damages at $550, upon which the court rendered judgment.

Messrs. STEELE, HUGHES & PHIPPS, for the appellant.

Mr. JAMES W. CRAIG, and Mr. HORACE S. CLARK, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellee brought an action in the Coles circuit court, against appellant, to recover for injuries sustained by her, in her means of support, by the sale of intoxicating liquor to her husband. It is conceded that he was an habitual drunkard, but it is denied that appellant sold him liquor which, either in whole or in part, made him drunk. We think the evidence is abundant to prove that Smith, the husband, drank frequently in appellant's saloon, and was seen drunk there on perhaps more than one occasion. We shall, therefore, refuse to disturb the finding of the jury. They have acted on sufficient evidence, and their finding will not be disturbed.

It appears, from the evidence, that Smith, appellee's husband, plastered for appellant, in the winter of 1872–3, which amounted to $145.50; that, on a settlement, only a small amount was coming to Smith ; that but a small portion of the amount earned for plastering ever reached his family for support; that his family were in straitened circumstances, and appellee was compelled to mortgage her property to raise money to pay taxes, doctors' bills and for the support of the

family. From this evidence, it is manifest that appellee was injured in her means of support, and, as appellant had sold liquor to Smith, which contributed to his idleness and the waste of his time and means, it is but a fair inference that the sale of liquor by appellant to him produced injury to the means of support of the family, and the jury were fully warranted in so finding.

It is not required that the evidence shall be clear, positive and specific as to the time, place, manner. and each item of loss, to authorize the jury to find injury to the support of the family, but that fact may be proved, like any other, by circumstances.

Had the husband been sober, and used his earnings, as he more than probably would, for the support of his family, appellee would not likely have been compelled to execute the mortgage—at any rate, not for so large a sum. Hence, the jury were fully warranted in finding injury to the support of appellee.

There would seem to be but little doubt that the husband was, by plying his trade. had he remained sober, fully competent to have supported his family, but, from his drunkenness, he failed to do so; and appellant having given or sold him liquor, which no doubt contributed to, if it did not make him drunk, the presumption is, that the liquor thus furnished contributed to the injury to the support of his family, and was caused by his drunkenness.

The whole of the evidence considered, we are satisfied with the verdict, and the judgment of the court below must be affirmed.

*Judgment affirmed.*