## SANSOM v. GREENOUGH & BULLOCK.

1. **Intoxicating Liquors**: PROVIDING FOR INTOXICATED PERSON: RECOVERY FOR. A physician who treats professionally a person who is injured while intoxicated does not "take charge of and provide for" such person within the meaning of section 1556 of the Code, authorizing a recovery therefor from one who illegally sold the liquors causing the intoxication.

*Appeal from Crawford District Court.*

SATURDAY, DECEMBER 11.

IT was averred in the petition that the plaintiff is a physician, and that defendants are engaged in the retail drug business; that on or about the 13th of December, 1879, the defendants sold and delivered to one Olsen certain intoxicating liquors contrary to law; that said Olsen drank the same and became intoxicated thereby, and while under the influence of said liquors, and on his way to his home, he was dangerously injured by reason of said intoxication, and required the immediate attention of a physician, and for a long time thereafter was dangerously ill and required constant medical treatment; that plaintiff was called upon to attend and did wait upon said Olsen during his sickness in the capacity of a physician, and that the reasonable value of such services was $104. An itemized bill of the services was exhibited with the petition, from which it appears that the attendance consisted in "setting a shoulder," "amputating a hand" and dressing the same. The first item of the account is dated December 18, 1879. Judgment was demanded against defendants for the value of the said services.

There was a demurrer to the petition, which was sustained. Plaintiff appeals.

*Garrison & Roberts* and *Piatt & Carr*, for appellants.

*Conner & Shaw*, for appellees.

ROTHROCK, J.—One of the grounds of demurrer was that the facts averred in the petition (reciting them) would not, if true, make the defendants liable for the services rendered by the plaintiff. The plaintiff bases his right to recover on section 1556 of the Code, which is in these words: "Any person who shall, by the manufacture or sale of intoxicating liquors contrary to the provisions of this chapter, cause the intoxication of any other person, shall be diable for and compelled to pay a reasonable compensation to any person who may take charge of and provide for such intoxicated person, and one dollar per day in addition thereto for every day such intoxicated person shall be kept in consequence of such intoxication, which sums may be recovered in a civil action before any court having jurisdiction."

*1. INTOXICATING liquors: providing for intoxicated person : recovery for.*

It is not claimed that plaintiff is entitled to the compensation of one dollar per day provided for in the latter clause of the section. Such claim can only be made by one who "*keeps*" the intoxicated person. The contention is that plaintiff "took charge of and provided for" the intoxicated person and that he is entitled to recover the reasonable compensation provided in the statute. We do not think the services in question are within the language or spirit of the law by any fair construction. It means no more than that any person who shall take the care of an intoxicated person while he is intoxicated and provide for his wants while in that condition may recover a reasonable compensation. It does not include payment for medical treatment by a physician who is called to attend the person for an injury received or for sickness resulting from intoxication. The physician under such circumstances has no such charge of the intoxicated person as the statute contemplates.

AFFIRMED.