Rogers v. Sample.

*44 NW 86*

JOSIAH W. ROGERS v. GEORGE SAMPLE ET AL.

[FILED DECEMBER 4, 1889.]

1. **Jurors:** SEPARATION BEFORE RETURNING VERDICT. It is no cause for setting aside the verdict of a jury that when agreed it is written and sealed and the jury separate, by agreement of the parties, if afterwards they come into court and report the sealed verdict. (See *Sutliff v. Gilbert,* 8 Ohio, 405.)

2. **Insufficient Verdict:** CORRECTION. In all cases where a verdict as returned into court is insufficient in substance or form, the court has power to send the jury back to correct it.

3. **Replevin.** In an action of replevin in a justice's court. or a county court, where the jury find for the plaintiff and assess his damages for the wrongful detention of the property by the defendant, it is unnecessary for them to find whether the plaintiff has the right of property or the right of possession therein.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*J. W. Rogers,* and *Park Godwin,* for plaintiff in error:

No verdict can be corrected after the jury's discharge. (*Davis v. Neligh,* 7 Neb., 78; *Longfellow v. State,* 10 Id., 105; Code, secs. 290, 291.) The verdict in this case is inconsistent and no valid judgment can be founded upon it. (*Hewson v. Saffin,* 7 Ohio, 587; *Meredith v. Kennard,* 1 Neb., 316.) The judgment should have been for the plaintiff. (*Mercer v. James,* 6 Neb., 412; *Eiseley v. Malchow,* 9 Id., 181; *Leighton v. Stuart,* 10 Id., 226; *Degering v. Flick,* 14 Id., 450.)

*Geo. F. Brown, contra:*

There was no discharge of the jury and the separation of the jurors was not improper. (*Suttiff v. Gilbert,* 8 Ohio, 405.) *Davis v. Neligh,* 7 Neb., 78, if applicable at all, tends to support the contention of defendants in error.

The decision in *Longfellow v. State* has no reference to civil actions.

COBB, J.

This case is brought on error from the district court of Douglas county. The plaintiff in error sued out a writ of replevin in the county court of said county against the defendants, alleging that he had special ownership in and was entitled to the possession of the following property: One large sorrel horse, seven years old, with white stripe in forehead, of value $130; one dark brown stallion, eight years old, medium size, of value $80; one small sorrel mare, five years old, white in the face, of value $75; one bay mare, five years old, of small size, of value $90; one other bay mare, of same description, of value $90; one sorrel mare, six years old, of value $90; and one set of double harness, of the value of $30; total value, $585. That defendants have wrongfully detained said property, to his damage to the amount of $5, and prays judgment for the delivery of the property, or for the value thereof, and for his damages.

Of this writ the officer made return, November 7, 1887: "Replevied the within described goods and chattels and caused them to be appraised by two responsible persons of said county, whose valuation in writing is herewith returned, and have taken the undertaking of Andrew Murphy, surety for defendants, in the sum of $800, which is herewith returned, and have delivered the property to the plaintiff and have served copies of this writ on defendants."

The defendants appeared and answered by their attorneys.

There was a trial to a jury, and it was agreed by the parties that when the jury made their verdict the same be sealed and delivered to the constable and officer in charge of the jury; in pursuance of which the following verdict was rendered and delivered:

"We, the jury, duly impaneled and sworn to try the issue between the said parties, do find for the plaintiff and do assess his damages at the sum of one dollar, and the return of all the horses in dispute to Lucian Woodworth, excepting the horse known as the Howard horse.

"(Signed)                    E. R. RINGER, *Foreman*."

And the said verdict being irregular, and the jury not being present, the court ordered the jury to be brought in at two o'clock P. M. to make their verdict regular, to which the plaintiff excepted. The jury having appeared, they were sent to the jury room, and returned into court their corrected verdict, adding to their former verdict the words, "the value of said horses to be returned is $330," which was signed by their foreman.

On which verdict judgment was rendered that the plaintiff return the horses replevied to the defendant Woodworth, excepting only that known as the Howard horse, and that if return cannot be made, the defendant Woodworth recover against the plaintiff the sum of $329, the value of the property, less the amount of plaintiff's damages found by the verdict, and that each party pay his own costs, taxed at $14.85 and $10.55 respectively.

Which judgment and proceedings were taken to the district court of said county to be reviewed on the following errors:

1. In recalling the jury, on the day after the trial, after they had given their verdict and had been discharged and dispersed.

2. In receiving the second verdict, and in so doing acted without jurisdiction.

3. In rendering judgment on the pretended second verdict after recalling the jury, which, after being discharged, had no jurisdiction or authority in law to find any other or separate or different verdict from that first found.

4. In not finding judgment on the first verdict found, and sealed and delivered to the court, and announced to the parties to the suit.

5. In overruling the objection of the plaintiff to the recalling of the jurors and of their action in the case.

The defendants in error having been duly served by *mesne* process the cause was argued in error to the district court and on consideration the court found no error in the proceeding in the record of the court below, which was affirmed with costs.

This case presents two questions : First, Was the verdict void by reason of the facts connected with its finding? and Second, Was it sufficient in form and substance to support the judgment of the court?

As to the first point : The judgment of the district court, in denying the petition in error, is fully sustained by the authority of the supreme court of Ohio, in the case cited by counsel for defendant in error, *Sutliff v. Gilbert*, 8 Ohio, 405, a case precisely in point.  Again, it appears from the record that, when the case was submitted to the jury, it was mutually agreed by the parties that when the jury should make up their verdict, the same should be sealed and delivered to the officer in charge of the jury.  The object of this agreement was obviously to relieve the jury of the necessity of remaining out all night, or of having the court and parties recalled to the court house, probably in the middle of the night, to receive the verdict; and it comprehended the possible necessity of doing precisely that which was done, the recalling of the jury and sending them back to put their verdict in proper form.  This is a matter of daily occurrence, or once was, in district courts and is possible in every case where parties agree that a jury may seal their verdict.

The second question must be decided upon a construction of the statute.  There can be no dispute that the provisions of the statute for the government of justices of the peace, in actions of replevin, are also applicable to such actions in county courts.  These provisions, so far as they relate to the verdict and judgment, are contained in sec-

tions 1041 and 1042 of the Civil Code. Those of the latter section only are deemed applicable to the case at bar; I quote the section: "Sec. 1042. In all cases where the property has been delivered to the plaintiff, where the jury shall find for the plaintiff on trial, or on inquiry of damages they shall assess adequate damages to the plaintiff for the illegal detention of the property, for which with costs of suit the justice shall render judgment against the defendant."

In the case at bar, the property had been delivered to the plaintiff, and the jury found for the plaintiff on the trial. They assessed damages to the plaintiff, with which sum he seems to have been satisfied. The verdict, then, possesses all of the elements necessary to sustain a judgment in favor of the plaintiff for the sum of one dollar damages and costs of suit. But no judgment for either damages or costs was rendered for the plaintiff below or against the defendant in error.

There is no bill of exceptions in this case as it comes to this court, nor does it appear that there was one as it was considered in the district court; neither was the answer of the defendants returned with the transcript. The affidavit in replevin and the verdict of the jury, together with the formal petitions in error, are all that come before us. From the affidavit in replevin it appears that the plaintiff claimed to have a special ownership in, and to be entitled to, the possession of six horses and one set of harness, and that the defendants wrongfully detained said property, to his damage of the sum of five dollars. In addition to what is stated above, it does appear by the return of the order of replevin by the officer, that all of said property was taken by him and delivered to the plaintiff, he giving bond therefor in the sum of $800, said property having been previously appraised in accordance with the statute. It is fairly inferable from the verdict that the jury, in fact, found that the plaintiff was the owner of one of said

10

horses, or, at least, was entitled to the possession of one of them, and that he was damaged to the amount of one dollar by its unlawful detention by the defendants, but that the defendants, from whose possession all of said property had been replevied, were entitled to a return of all the balance thereof. Upon the verdict, as set out in the statement, the court rendered judgment in favor of the defendant for a return to him by the plaintiff of all of said property, except one horse described by name, and that if such return could not be made, then for the sum of three hundred and twenty-nine dollars, the value of said property, less the sum of one dollar allowed as damages to the plaintiff by the terms of the verdict. While it must be confessed that these proceedings in the county court cannot be held up as a model for the forms of jurisprudence, I see no error in them of which the plaintiff in error can take advantage by this proceeding.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.