Thomas Coleman, George Reisch and Charles J. Peterson v. The People of the State of Illinois, for Use of Elizabeth Kerin.

1. Estoppel—*Parties, by Their Bond.*—Parties having executed a bond are bound by the recitals in it, and are not permitted to deny them. · The parties in this case having executed a bond with the recital that the defendant had obtained a license to sell intoxicating liquors from March 1, 1896, to February 28, 1897, are estopped from saying that his license only permitted him to sell from February 28, 1896, until May 31, 1896.

2. Sureties—*On Dram Shop Keeper's Bond.*—The liability of sureties on a dram shop keeper continues during the time mentioned in the bond.

3. Dram Shop Keepers—*Joint and Several Liability.*—All persons who sell intoxicating liquor to a person who becomes intoxicated and injury results, are jointly and severally liable.

Coleman v. The People.

4.  DRAM SHOP ACT—*Recovery Under Section 5—Medicine and Medical Attendance.*—A recovery under this section may be had by parties other than those dependent upon the intoxicated person for support. But there can not be a recovery under it for medicine or medical attendance; it is limited to provision and care for the intoxicated person.

**Debt,** on a dram shop keeper's bond. Trial in the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

PALMER, SHUTT, HAMILL & LESTER, attorneys for appellants.

GRAHAM & MILLER, attorneys for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is an action of debt brought by appellee on the bond of the appellants, given under and in pursuance of the provisions of the dram shop act, in case of the issuance of a license to keep a dram shop.

The declaration upon which the case was tried contained three counts. They are substantially the same, except in the third count a copy of the bond was set out. In this count it is alleged that the appellant, Thomas Coleman, on the first day of March, 1896, applied for and obtained from the president of the board of trustees of the village of Ridgely, Sangamon county, Illinois, a license to keep a dram shop at the intersection of Ridgely avenue and Peoria road, from the 1st day of March, 1896, to the 28th day of February, 1897, and in consideration thereof executed the bond sued on, together with George Reisch and Charles J. Peterson as sureties, which bond is as follows:

STATE OF ILLINOIS,  ⎫
Village of Ridgely,  ⎬ ss.
Sangamon County,  ⎭

Know all men by these presents:

That we, Thomas Coleman, George Reisch and Charles J. Peterson, of the County of Sangamon and State of Illinois,

are held and firmly bound unto the people of the State of Illinois, in the penal sum of three thousand dollars, for the payment of which sum well and truly to be made, we hereby bind ourselves, our heirs, executors and administrators jointly and severally, firmly by these presents.

Sealed with our seals and dated this 1st day of March, 1896.

The conditions of this obligation are such that whereas the above bounden Thomas Coleman has obtained license to keep a grocery and to sell intoxicating liquor at the intersection of Ridgely avenue and Peoria road in said village until the 28th day of February A. D. 1897;

Now, if the said Thomas Coleman shall well, truly and promptly pay or cause to be paid all damages to any person or persons which may be inflicted upon them, either in person or property, or means of support, by reason of said Thomas Coleman selling or giving away intoxicating liquors, in any quantity, to be drank in, upon or about the building or premises where sold, or to be drank in any adjoining room, building or premises, or other place of public resort connected with said building, then this obligation to be void; otherwise to remain in full force and effect.

THOMAS COLEMAN,        [SEAL]

GEORGE REISCH,         [SEAL]

CHARLES J. PETERSON.   [SEAL]

It is alleged that on the 21st day of February, 1897, Thomas Coleman sold and gave away intoxicating liquors to Jerry Kerin, the husband of usee, and that by reason of such selling and giving away of intoxicating liquors Jerry Kerin became greatly intoxicated, and on his way home from the saloon of Thomas Coleman he became helpless, and in consequence was exposed, and his hands, feet and body were greatly frozen, necessitating the amputation of the little finger of the left hand, and the two middle fingers of the right hand, and by reason thereof he became sick, disabled and permanently injured, and unable to perform manual labor, by means whereof Elizabeth Kerin, wife of Jerry Kerin, was deprived of her means of support. It is

further alleged that Jerry Kerin in consequence of such freezing and exposure became sick and disabled, and was so for a long space of time, and that Elizabeth Kerin was compelled to and did lay out divers sums of money, to wit, $150, in trying to heal and cure her husband, Jerry Kerin, of such sickness, by reason whereof she sustained damages to her property in the sum of $150.

In the *ad damnum* of the declaration the damages were laid at $3,000.

To this declaration were filed eight pleas. First, *nil debet;* second, *non est factum;* third, not guilty; fourth, a special plea, alleging that the license issued to Thomas Coleman in consideration of the giving of the bond sued on, was a license for three months only, commencing on the first day of March, 1896, and expiring on the 31st day of May, 1896. A copy of the license is set up in plea. It is averred, in consideration of issuing of the license Coleman paid $125 to the village; that the bond was given in consideration of the license issued to Coleman and that it had expired before the injury complained of had occurred.

The fifth plea was a special plea alleging performance of the conditions of the bond, and denying the acts and sales of the liquor by Thomas Coleman to Jerry Kerin, causing the injury complained of.

The sixth plea was a special plea of performance, and denying especially the specific allegations of the declaration as to the sale of liquor by Thomas Coleman to Jerry Kerin, and the consequent injury.

The seventh and eighth pleas are substantially the same, except in the eighth plea a copy of the bond is set out, and then as in the seventh plea, it is averred on the first day of March, 1896, Coleman applied for a license to keep a dram shop at the intersection of Ridgely avenue and Peoria road in the village of Ridgely for three months from the first day of March, 1896, to the 31st day of May, 1896, and then paid the village $125 therefor, and then sets out the ordinance of the village requiring the president of the village board to sign all licenses issued to liquor dealers to keep a ·

dram shop, and that the licensee should pay at the rate of $500 per annum, and that such license may be issued for the term of six months on the first day of March and September in each year.   It is further averred in the plea that the license was issued to Coleman to keep a dram shop for the space of three months; that the license was issued for and in consideration of the payment to the village of $125, paid by Coleman, and to keep a dram shop in said village for the space of three months; and that the defendants made and executed the bond sued on, and obtained the license for the term of three months, and for no other consideration whatever.

A demurrer was interposed to the fourth, seventh and eighth pleas, which was sustained by the court, and appellants abided by their pleas.   Issue was joined upon the remaining pleas, and the case tried by a jury, which returned a verdict for appellee for $3,000 in debt, and $250 in damages, upon which the court entered judgment after overruling a motion for a new trial.

It is contended by the appellants that the court below erred in sustaining the demurrer to their fourth, seventh, and eighth pleas, and especially the fourth.   It is averred in this plea that the license was obtained in consideration of the giving of the bond sued on, was for three months, and that it was in force only from the first day of March, 1896, to the 31st day of May, 1896.   The bond is set out *ad verbum* in the third count of the declaration.   One of the recitals in the bond is, " The conditions of their obligation are such that whereas the above bounden Thomas Coleman has obtained a license to keep a grocery and to sell intoxicating liquors at the intersection of Ridgely avenue and Peoria road in said village until the 28th day of February, 1897."

The bond bears date March 1, A. D. 1896.   The facts set up in the fourth plea are in direct conflict with the above recital in the bond.   The parties having executed a bond are bound by the recitals, and are not permitted to deny the same.   The appellants having executed the bond with the recital that Thomas Coleman had obtained a license to

sell intoxicating liquors as above stated, from March 1, 1896, to February 28, 1897, are estopped from saying that his license only permitted him to sell from February 28, 1896, until May 31, 1896. Their liability continues during the time mentioned in the bond. Harding v. Keussner, 172 Ill. 125; Breckway v. Petted, 79 Mich. 622, 24 Am. & Eng. Enc. of Law, 745; Brandt on Suretyship, Secs. 29, 30; Bigelow on Estoppel, p. 275. The demurrer was rightfully sustained to these pleas.

It is averred in each count of the declaration that appellee was injured in her means of support and in her property by her husband becoming intoxicated in consequence of intoxicating liquor sold or given to him by appellant Coleman. It is not claimed the injuries the husband of appellee sustained were not the result of intoxication. They are permanent, and partially incapacitate him from performing manual labor.

It is claimed by appellants that they are not liable on their bond, because it appears from the evidence that others sold intoxicating liquors to appellee's husband that contributed to his intoxication. The evidence shows that appellee's husband came to appellant Coleman's saloon about six o'clock in the evening of January 28, 1897, and that prior to this time he had taken but two drinks of whisky, and that while in Coleman's saloon this evening he had taken several glasses of beer and two or three glasses of whisky, and he did not leave until some time between nine and eleven o'clock, and when he left he was intoxicated. If the testimony of appellee's husband is to be taken as true, and the jury from their special finding and general verdict seem to have so taken it, the intoxicating liquor sold or given to appellee's husband by Coleman was not only the proximate but the efficient cause of his intoxication. All selling to the person who becomes intoxicated and injury results, are jointly and severally liable. Suit may be maintained against one and his bondsmen.

If the construction sought by appellants' counsel should prevail, the statute would be of no avail, in most cases, in

aiding one who had sustained injury in means of support or in property, because there are few cases where the sales are made by one saloon keeper.

It is urged by appellants that there can not be a recovery on the bond under section 5 of the dram shop act, which provides for a reasonable compensation to be recovered of any person selling intoxicating liquors to another and causing his intoxication, by any one who may take charge of and provide for such intoxicated person, and $2 per day in addition thereto for every day such intoxicated person shall be kept in consequence of such intoxication. This position seems to be well taken.

A recovery under this section may be had by those other than those dependent upon the intoxicated person for support. But under this section there can not be a recovery for medicine or medical attendance; it is limited to provision and care for the intoxicated person. Carroll et al. v. The People, etc., 13 Ill. App. 206; Brannan v. Adams, 76 Ill. 331; Sansom v. Grennough, 55 Ia. 127. It appears from the evidence that the appellee expended a large sum of money of her own earnings for medicine and medical attendance for her husband on account of the injuries he sustained in consequence of such intoxication. For this she can recover under the fifth section, as it was an injury to her means of support. In the case of Henn v. Smith, 77 Ill. 281, it is said where the wife was compelled to mortgage her property to pay doctor bills, and for the support of the family, this was an injury to the wife's means of support. It would be equally true where the wife out of her own means was compelled to pay for medicine and physician's bills for her husband.

The appellants asked the court to instruct the jury, the appellee was compelled to make out her case by a clear preponderance of the evidence, and the court struck out the word "clear." This it is claimed was error. The modification was rightfully made. This is a civil action, and a preponderance of the evidence is only required to entitle the party to a recovery. This is not a suit for the recovery of a penalty.

It is claimed the verdict of the jury is contrary to the evidence, and for that reason should be reversed. The evidence is conflicting. One method of settling disputed questions of fact by law is by submitting them to a jury. It is for the jury to determine, after hearing the witnesses testify and observing their demeanors on the witness stand, with which side the weight and credibility rests, and when thus determined the verdict will not be disturbed unless it seems to be the product of passion, prejudice or partiality. The fact that the judge who presided at the trial denied the motion for a new trial is a matter that should be considered. We think the verdict should not be disturbed.

The judgment of the Circuit Court is affirmed.