GEORGE BECKERLE *et al.*

*v.*

JOHN BRANDON *et al.*

*Opinion filed October 23, 1907.*

1. DRAM-SHOPS—*instruction authorizing exemplary damages is proper though owner of building is joined as a defendant.* An instruction in an action under section 9 of the Dram-shop act, authorizing the jury to award exemplary damages if they believe the facts stated in the instruction have been proved, is not rendered improper by the fact that the owner of the building, who had no knowledge of the transaction, is joined with the dram-shop keeper as a defendant.

2. SAME—*consent of the parent to minor son's drinking may be proved where vindictive damages are claimed.* Where vindictive damages are claimed in an action under section 9 of the Dram-shop act by a father and mother whose son met his death as the result of becoming intoxicated upon liquor furnished by the defendant, the latter is entitled to show that the father had on other occasions visited other saloons with his son and drank with him; nor does the fact that the mother sues jointly with the father render such proof incompetent.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. W. N. BUTLER, Judge, presiding.

This is an action on the case brought by John Brandon and Sarah Brandon, appellees, in the circuit court of Jackson county, under section 9 of the Dram-shop act, against George Beckerle, appellant, and one D. P. Willis, for injury to their means of support occasioned by the death of their son, John Brandon, Jr. A plea of the general issue was filed by defendants, and the trial resulted in a verdict and judgment for plaintiffs in the sum of $3000. Defendants prayed an appeal to the Appellate Court for the Fourth District, and from the judgment of that court affirming the judgment of the circuit court this appeal is prosecuted.

While the cause was pending in the Appellate Court D. P. Willis died, and upon the suggestion of his death in that court John R. Kane and John G. Hardy, executors of his last will and testament, were made parties, and they, together with Beckerle, are appellants herein.

The declaration, which contains but one count, charges that Beckerle conducted a dram-shop in Murphysboro, Jackson county, Illinois, in a certain building leased from one D. P. Willis, and that Willis knew for what purpose the building was leased; that on September 1, 1905, while conducting said business, said Beckerle sold and gave intoxicating liquors to plaintiffs' minor son, causing his intoxication, and while so intoxicated, and in consequence thereof, he was struck and killed by a certain railroad train; that during his lifetime their said son earned the sum of $70 per month; that they were entitled to his wages and that he contributed the same to their maintenance and support, and that by reason of his death they have been injured in their means of support and deprived of the same.

It appears from the record that on August 31, 1905, Beckerle kept a saloon in the city of Murphysboro in a building leased from D. P. Willis, who was the owner thereof. The deceased, who was a minor son of the plaintiffs, seventeen years of age and residing with them, was employed as a mule driver in a coal mine, earning the sum of $2.42 a day. It seems from the evidence that all of the money earned by the son was by him paid over to his parents and used by them in support of the family. In the early part of the evening of August 31, 1905, John Brandon, Jr., with several other boys, went to the saloon of defendant Beckerle, where they remained until midnight, drinking intoxicating liquors and playing cards. The saloon closed at midnight, and by that time Brandon was very much intoxicated. Liquor had been sold and served to him in the saloon on that evening by both Beckerle and his bar-keeper. He was perfectly sober when he entered Beckerle's saloon and had ob-

tained liquor from no other place during the night. As the saloon closed, one of Brandon's associates obtained a pint of whisky from the bar-keeper, and, with this companion and another, Brandon, started for Mt. Carbon, where all three resided, on the opposite side of the Big Muddy river, from Murphysboro. To reach their homes they started to cross the stream on the Illinois Central railroad bridge, which spans the river at that place. When about half way across they stopped and each took a drink of whisky. They then sat down on the bridge and in a few minutes fell asleep. Between two and three hours afterward, deceased, while still asleep on the bridge, was struck by a passing train and received injuries from which he died the following afternoon.

It is urged by appellants as grounds for reversal: First, the court erred in passing on instructions; second, the court erred in passing on objections to evidence.

JAMES H. MARTIN, for appellants.

HERBERT & LEVY, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

There is evidence in the record which shows that the deceased was but seventeen years of age; that on the night of his death Beckerle, by himself or his bar-keeper, sold intoxicating liquor to the boy which caused his intoxication, and also sold him liquor of that nature after he was so intoxicated; that the appellees were injured in their means of support in consequence of such intoxication, and that Willis rented the premises to Beckerle and knowingly permitted the sale of intoxicating liquors therein.

The court gave plaintiffs' instruction No. 8, which advised the jury that if they found for the plaintiffs and found certain alleged facts to be true, they might then return a verdict including exemplary damages. This is said to have been wrong so far as Willis, the owner of the property, is

concerned, as the evidence did not show any intentional wrongdoing, or any reckless, malicious, wanton or oppressive conduct on his part. Section 9 of chapter 43, Hurd's Revised Statutes of 1905, gives a right of action against the liquor seller under certain circumstances, and provides that the owner of the building, in specified contingencies, "shall be liable, severally or jointly, with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained, and for exemplary damages." The language just quoted received the consideration of this court in *Hackett* v. *Smelsley,* 77 Ill. 109, and the reasoning of that opinion warranted the circuit court in giving the instruction above referred to.

It is then urged that the court erred in not permitting the defendants to show that the father and son visited and drank together at other saloons at other times. Inasmuch as the plaintiffs were claiming vindictive damages this evidence was competent. (*Hackett* v. *Smelsley, supra.*) The fact that the wife sued jointly with the husband did not warrant its exclusion. If the father had on other occasions consented to the sale of intoxicating liquor to his minor son, the jury had a right to take that fact into consideration in determining whether vindictive damages should be awarded and in fixing the amount thereof in case they awarded damages of that kind, no matter who sued. We think, however, that this error does not warrant a reversal. It was shown by the testimony of the father and others that on earlier occasions at Beckerle's bar the son had bought intoxicants, the father consenting, and that the son had there, in the presence of the father, partaken of the same without objection from the latter. Under these circumstances the exclusion of the evidence in question was not harmful.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*