MARY S. KEELING, APPELLEE, V. PETER POMMER ET AL., APPELLANTS.

FILED FEBRUARY 20, 1909. No. 15,543.

1. **Trial:** VERDICT. A jury brought in a sealed verdict, which, upon being opened, was found to be defective in form. On the direction of the court, they again retired to the jury room and returned a verdict in the same amount and against the same parties as before, but in proper form. *Held,* That the failure to receive the first verdict and the receiving of the second was not erroneous.

2. **Intoxicating Liquors:** DAMAGES. In an action brought by a wife to recover damages under the statute governing the sale of intoxicating liquors where the husband died as a result of the traffic, loss of means of support is not the only damage for which a recovery may be had, but the wife may recover the cost of the necessary medical attendance paid by her and funeral expenses necessarily incurred by her in procuring the burial of her husband, when such items of damage are alleged and proved.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Strode & Strode,* for appellants.

*J. C. McNerney, R. D. Stearns* and *Rose & Comstock,* contra.

LETTON, J.

This is an action brought by Mary Keeling for herself and her minor child to recover damages for loss of support and for expenses incurred by her for medical attendance

and funeral charges occasioned by the death of her husband, which she alleges was caused by the excessive use of intoxicating liquors sold to him by the defendants Peter Pommer and Levi D. Munson. The action is against the liquor dealers and the sureties upon their respective bonds. The jury found in favor of the defendant Levi D. Munson, and against the defendant Pommer and his surety. The proof shows that Alfred M. Keeling, the husband of plaintiff, was in his lifetime a painter and paper-hanger by trade, earning about $75 a month; that he had been a user of intoxicating liquor for some time, but that between April 16, 1905, and the time of his death in June, 1905, he became addicted to the excessive use of such liquors to such an extent as to aggravate and intensify the ravages of the disease from which he was suffering, to break down his recuperative powers and to eventually cause his death, which, the testimony shows, was caused from alcoholic cirrhosis of the liver. The jury returned a verdict for $1,200 in favor of the plaintiff, but she was required to remit $75 of the amount, and judgment was returned for $1,125. It appears that the case had been submitted to the jury in the evening, with the direction that they might return a sealed verdict if they agreed in the nighttime. The jury agreed and returned into court next morning with a sealed verdict, finding against Pommer and his surety for "one thousand dollars damage and two hundred funeral expenses." The court, after reading the verdict, returned it to the jury, instructing them that it was not in proper form; that they should again retire, and that whatever amounts they should find against the defendant should be added together and the aggregate sum only given in the verdict. The defendants waived the giving of this instruction orally, but objected "to sending the jury out again to return another and different verdict than the one already returned by the jury," and asked that the verdict be received and the jury be discharged. The jury retired, and afterwards came into court with their verdict, finding for the plaintiff in the sum of $1,200.

1. The first point made by the defendants is that the court erred in refusing to receive the first verdict and in receiving the second. We think there was no error in this. It is the duty of the court to see that its proceedings are conducted in a proper and orderly manner, and, if through some oversight or mistake, a verdict is not in proper form when it is brought into court, it is incumbent upon the court in the proper discharge of its duties to see that the jury render a verdict correct in form. The defendants were in nowise prejudiced by this action of the court. The form of the verdict alone was changed, and not its sub-, stance. *Rogers v. Sample,* 28 Neb. 141.

2. The next point made is that the verdict includes $200 for funeral expenses, that funeral expenses do not constitute a proper element of damages to be considered by the jury, and that the court erred in receiving evidence of such expenses. It is also argued that, if these charges are allowable at all in this class of actions, they should be set forth as a separate cause of action from the damages alleged to have been sustained for loss of means of support. The petition pleads specially that the plaintiff incurred expenses for medicine and for doctors' attendance during her husband's last illness, and for funeral charges after his death to the amount of $200. Even if these constitute a separate cause of action, it does not appear that any motion was ever made to require plaintiff to separately state and number her causes of action, and it is too late now to make this objection.

The question whether evidence of these expenses should have been admitted and whether they constitute proper elements of damage is more serious. Under a statute of Wisconsin, which gives a right of action to a wife who has been injured in person or property or means of support in consequence of intoxication, and a right to recover the damages sustained from the party causing the intoxication, it was held, where the husband's intoxication made him unable to attend to his business, and his wife had to employ another man to do his work, and to hire men to

aid her in taking care of him, and was obliged to employ and pay a physician for medical attendance upon him, that all these expenses were valid claims against the defendant. *Wightman v. Devere,* 33 Wis. 570. To the same effect are *Thomas v. Dansby,* 74 Mich. 398; *Coleman v. People,* 78 Ill. App. 210; *Horn v. Smith,* 77 Ill. 381. The statutes of this state provide that a married woman may maintain a suit for all damages sustained by herself and children on account of such traffic. The language is broad and sweeping in its provisions. It is said by defendants that in *Gran v. Houston,* 45 Neb. 813, this language is used by this court, speaking of the Slocumb law (ch. 50, Comp. St. 1889): "The action accorded by this act for the death caused by intoxication is not an action proper for the death, but for the loss of means of support resulting from the death." In that case, however, the petition counted solely upon loss of support, and the question whether other expenses necessarily incurred were recoverable was not involved. In the case of *Murphy v. Willow Springs Brewing Co.,* 81 Neb. 223, this case with others in this court on the same subject were examined, and it was held that loss of means of support is not the only damage for which a recovery may be had in such an action. We are fully satisfied that, under the statutory provision that a married woman may recover "all damages sustained by herself and children on account of such traffic," the reasonable expenses of medicine and medical attendance are proper elements of damage, and we see no reason why funeral expenses should not follow in the same category if the wife is compelled to pay them by the necessities of the situation. It appears that the widow was obliged to pay these expenses from her own resources. The evidence shows that she requested the undertaker to make the expenses as low as possible. It was as necessary for her to give her husband's body decent burial as it was to provide him with medical attendance, and, there apparently being no estate, she was justified in paying the charge. What-

36

ever sums she paid for medical attendance or for funeral expenses were necessarily taken from her meager store. We presume that the idea of the trial judge in requiring the remittitur of $75 was to bring the amount of the recovery strictly within what the proof showed.

3. Complaint is made of the refusal to give certain instructions requested by the defendant Munson. Since the other defendants did not join in the request for such instructions, they were not prejudiced by their refusal. If they had desired such instructions given to the jury, they should have requested them.

4. It appeared that beer had been prescribed by the attending physician during the last sickness, and that the plaintiff had received and receipted for the beer and permitted her husband to drink the same. An instruction was requested by the appellants that such sale and delivery would not make them liable for damages resulting to the plaintiff under the pleadings in this case. The refusal of this instruction is complained of. We think the instruction is misleading in its nature, and that, if it had been given and a judgment for the defendants had resulted, it would have been prejudicially erroneous as against the plaintiff. If the evidence on behalf of the plaintiff had been confined to the sale and delivery of beer prescribed by the physician the instruction might have been applicable; but this was not the case. The evidence showed other sales by the defendant, Pommer, during the time alleged in the petition, and the defendants' theory as to this defense was submitted to the jury in an instruction given on the court's own motion. There was no error in the refusal of this instruction. One or two other errors are assigned, but none of any importance.

In the whole record we find no prejudicial error, and the judgment of the district court is

AFFIRMED.