# Annie L. Clowry et al., Defendants in Error, v. James Holmes et al., Plaintiffs in Error.

## Gen. No. 14,800.

1. EVIDENCE—*when failure to prove material fact not material.* ·If it appears from the record that the fact of ownership, which was a material fact to be proved, was understood by counsel for plaintiff and the court as having been conceded by the defendant, and such understanding was justified by the record, the failure to make proof of ownership is immaterial.

2. EVIDENCE—*when certified copy of deed must be specifically objected to.* The competency of a certified copy of a deed cannot be first questioned on review, because of the failure to make the necessary preliminary proof.

3. DRAM-SHOPS—*how section 9 construed.* Section 9 of the dram-shop act is highly penal in character and should be strictly construed.

4. DRAM-SHOPS—*how evidence of loss under section 9 may be established.* ''It is not required that the evidence shall be clear, positive and specific as to the time, place, manner and each item of loss, to authorize the jury to find injury to the support of the family, but that fact may be proved, like any other, by circumstances.'' ·

Error to the Municipal Court of Chicago; the HON. J. R. NEWCOMER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed. April 29, 1912. Rehearing denied May 13, 1912.

WILLIAM J. LACEY and THOMAS J. YOUNG, for plaintiffs in error.

FRANCIS A. McDONNELL and MORTON A. MERGENTHEIM, for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Under the provisions of section 9 of the Act of March 30, 1874, commonly called the Dram-Shop Act, the plaintiffs in this case, Annie L. Clowry, wife of John J. Clowry, and Genevieve Clowry, John Clowry and Fern Clowry, minor children of said John J. Clowry and Annie L. Clowry, on June 13, 1908, recovered in the Municipal Court of Chicago, on the verdict of a jury, a judgment for one thousand dollars and costs against the defendants, James Holmes and the Fortune Brothers Brewing Company. To reverse this judgment the said defendants have sued out of this Court a writ of error, assigning as error the failure of the trial Court to take the case from the jury at the close of the plaintiff's evidence by a peremptory instruction from the defendants; alleged errors in rulings on evidence and instructions; the denial of a new trial; and that the verdict was against the law and the evidence, and that the damages assessed were excessive and unwarranted by the evidence.

The section of the Dram-shop Act above mentioned, under which judgment was obtained, is as follows:

"Every husband, wife, child, parent, guardian, employer or other person, who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of ac-

tion in his or her name, severally or jointly, against any person or persons who shall by selling or giving intoxicating liquors, have caused the intoxication in whole or in part of such person or persons, and any person owning, renting, leasing or permitting the occupation of any building or premises and having knowledge that intoxicating liquors are to be sold therein, or who having leased the same for other purposes shall knowingly permit therein the sale of any intoxicating liquors that have caused in whole or in part the intoxication of any person, shall be liable severally or jointly with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained and for exemplary damages; and a married woman shall have the same right to bring suits and to control the same and the amount recovered as a *feme sole,* and all damages recovered by a minor under this Act shall be paid either to such minor or to his or her parent, guardian or next friend, as the court shall direct; and the unlawful sale or giving away of intoxicating liquors shall work a forfeiture of all rights of the lessee or tenant, under any lease or contract of rent upon the premises where such unlawful sale or giving away shall take place, and all suits for damages under this Act may be by any appropriate action in any of the Courts of this State having competent jurisdiction.''

The statement of claim filed with the praecipe in the case described James Holmes as tenant and Fortune Brothers Brewing Company as owner of certain premises known as 1319 Ogden avenue in Chicago and used as a saloon. It then proceeds to allege damages to the plaintiffs through the furnishing of intoxicating liquors to John J. Clowry, "an habitual drunkard," by James Holmes after notice had been given to said Holmes by Mrs. Clowry to discontinue the furnishing of liquors to her husband.

The following colloquy and proceedings appear in the record concerning proof of the connection of the defendant, the Fortune Brothers Brewing Company, with the **premises**:

"COUNSEL FOR THE PLAINTIFF: I wish to offer in evidence certified copy of deed." (Indicating).

*    *    *    *    *    *    *    *    *    *    *    *

COUNSEL FOR FORTUNE BROS. BREWING CO.: I object; there has been no proper foundation laid for the introduction of certified copy of deed.

*    *    *    *    *    *    *    *    *    *    *    *

THE COURT: What do you mean—foundation?

COUNSEL FOR FORTUNE BROS. CO.: The statute prescribes the method of producing them.

THE COURT: My impression of it is that it has been held that in the transfer of real estate that certified copy of the record has been held sufficient.

MR. MERGENTHEIM, one of the counsel for plaintiffs: *    *    * There is no question about it; it has been held time and time again. Well, let the record show with the consent of the defendants, that the defendant, Fortune Bros. Brewing Company admits the ownership of the premises at 1319 Ogden avenue, occupied by James Holmes as a saloon, for the purposes of this suit only.

*    *    *    *    *    *    *    *    *    *    *    *

MR. McDONNELL, the other counsel for Plaintiffs: I would like to show the title conveying to Fortune Brothers from Mortimer Prindiville, who owned the property prior to Mr. Holmes.

THE COURT: Let it be admitted and marked Plaintiffs' Exhibit A."

The transcript of the records proceeds:

"Which said document, so offered and received in evidence, marked Plaintiff's Exhibit A., is in the following words and figures, to-wit:"

The document, however, does not appear in the transcript.

Counsel for plaintiffs in error in their argument say: "Over the objection of defendants' counsel the Court admitted the paper in evidence. The record shows that it was marked Exhibit A., but the exhibit itself does not appear in the record. We are unable to account

for the absence of the exhibit from the record, but we are not taking advantage of that omission in urging this point.

"Admitting that the paper offered in evidence purported to be a certified copy of a deed as stated by plaintiffs' counsel in his offer, we insist that it was error on the part of the Court to admit that paper in evidence without requiring that the proper foundation be laid in compliance with Section 37 of the 'Conveyances' Act, Chapter 30 of the Revised Statutes of Illinois. * * * There is, therefore, nothing on the face of this record connecting the said Fortune Bros. Brewing Company with the case, and the judgment against it should be reversed."

In the "Statement" prefixed to the Argument for the defendants in error, counsel say that the record shows "that the attorney for defendants in error stated in open court, *with the consent of the defendants,* that the record should show that Fortune Brothers Brewing Company admitted, for the purpose of this suit only, the ownership of the premises occupied by defendant Holmes as saloon property, and that later defendants raised no objections to the introduction of a certified copy of the deed of conveyance of said premises to Fortune Bros. Brewing Company—one of the plaintiffs in error. No evidence was introduced by the defendants, or either of them, to disprove any of the testimony furnished by the plaintiffs. The record shows that the Court, after fully instructing the jury, requested counsel for both sides to state whether they had any objections to the instructions as read. All counsel answered in the negative."

In their argument counsel for plaintiffs say that the "counsel for defendants complain that it was error for the Court to permit the title of defendant, Fortune Brothers Brewing Company, to be shown by a certified copy of the deed to the premises. The record shows

that with the consent of both defendants, Fortune Bros. Brewing Company admitted the ownership of the premises at 1319 Ogden avenue, occupied by James Holmes as a saloon. In addition to this admission, the record is clear as to the ownership of the premises by this defendant.''

To this counsel for plaintiffs in error in their Reply Brief interpose a denial, saying that ''As a matter of fact the record shows that defendants did not at any time or in any maner indicate their consent or acceptance of the proposition or voluntary statement made by plaintiff's counsel. The statement was a purely voluntary and unauthorized one on the part of plaintiff's counsel, unaccepted and unnoticed by counsel for defendants, and defendants could not by any possible construction be bound by such a statement.''

Whether the record as we have quoted it does not tend to show that the final outcome of the colloquy of Court and counsel was an understanding between the parties, taken note of by the Court and jury, that the defendants, who made at no time any specific denial of the ownership of the premises, but placed their joint defence on entirely different grounds, admitted that ownership, is at least very doubtful. If there was not such an understanding there would seem to have been a misunderstanding between counsel. The fact that the plaintiffs in error have not seen to it that the exhibit was included in the transcript, and the fact that they expressed their satisfaction with the charge of the trial Judge to the jury, would seem to heighten the probability of the first hypothesis. For in his charge the trial Judge, after stating the provisions of the statute that the power of the premises should be jointly liable with the person furnishing the liquor, proceeded with the statement that they should find for the plaintiffs if they believed the preponderance of the evidence showed that Clowry was in the habit of getting intoxi-

cated, that defendant Holmes sold Clowry liquors after having been notified not to do so, and that such sale caused Clowry to be intoxicated, and in consequence plaintiffs were injured, and should find for the defendants if they found that these three propositions had not been sustained by the preponderance of the evidence. He did not suggest or hint at any issue between the plaintiffs and defendants, or either of them, as to the ownership of the property.

This matter appears to us by far the most serious point urged by plaintiffs in error in this case. We understand the decisions of the Supreme Court to be that under sections 35 and 36 of the Conveyance Act (Chapter 30 Revised Statutes), taken together, preliminary proof must be made as provided in section 36 before the certified copy of a recorded deed can be introduced (Scott v. Bassett, 174 Ill. 390); but that objection to the want of it cannot be made for the first time in the reviewing court. The objection must be made at the trial and point out the specific grounds for it. B. & O. S. W. R. R. Co. v. Brubaker, 217 Ill. 462.

In the case at bar, when the plaintiffs' counsel first stated that they wished to offer in evidence a certified copy of a deed, a specific objection was made that there was no proper foundation for it; but after a colloquy which seems to show that counsel for plaintiff at least, if not the Court, understood that defendants consented that the record should show the alleged ownership, counsel for plaintiffs, without further describing what he was offering, offered a document to show "title conveyed to Fortune Brothers," and no objection was repeated, specific or otherwise. Then whatever was offered (described only as a "document") was admitted, but does not appear in the record brought up here by plaintiffs in error. After this, as before, the whole tenor of the proceedings and of the Judge's charge and the defendants' acquiescence therein, seem to show that no issue was made on the ownership. We

are not inclined, under these circumstances, to hold that on this review this objection can be successfully urged.

If this objection to the judgment is not valid, we do not see any merit in the defence.

We entirely agree with the counsel for plaintiffs in error, that the statute under which the proceeding originated is of a highly penal character and should receive a strict construction. The Supreme Court has so decided. Freese v. Tripp, 70 Ill. 496.

But the statute has been sustained and enforced in many cases which we do not think offered, in the facts which the evidence tended to prove, any stronger case than that made by the plaintiffs in the case at bar.

It would serve no good purpose for us to enter upon a discussion or make a *resume* of the evidence in this case. The history of the case has been such that we have read and studied it in detail twice, and it is sufficient to say that we think there was abundance of evidence to go to the jury to show that the plaintiffs were injured in their means of support by reason of the furnishing of intoxicating liquor by James Holmes to John J. Clowry; that John J. Clowry was an habitual drunkard and known to be so to Holmes; that the said furnishing of liquor by Holmes caused "in whole or in part" the intoxication and the habitual drunkenness of Clowry; that there were aggravating circumstances connected with the sales in question, and that Fortune Brothers Brewing Company knew that intoxicating liquors were sold by Holmes in the dram shop of Holmes, he being indeed a customer of the Company for such goods.

The ingenious argument of defendants does not seem to us to meet this evident situation. Nor do the damages appear excessive to us. The Supreme Court said in Horn v. Smith, 77 Ill. 381: "It is not required that the evidence shall be clear, positive and specific as to the time, place, manner and each item of loss, to auth-

orize the jury to find injury to the support of the family, but that fact may be proved, like any other, by circumstances.''

If it were clear that the damages assessed were exemplary or punitive, it would not justify us in reversing this judgment, in our opinion. Hackett v. Smelsley; 77 Ill. 109; Beckerle v. Brandon, 229 Ill. 323.

But it is not clear that they were. They seem to us justified if they were meant merely as actual damages.

Although rulings on instructions were assigned for error, the plaintiffs ignore them both in the lower court and here and have expressed their satisfaction with the instructions given. That we hold that the court should not have given a peremptory instruction for the defendants, nor granted a new trial on the evidence, follows from what we have already said. The only admission of improper evidence complained of, except of the ''document to show title,'' is that Mrs. Clowry was allowed to answer the question ''Was money from any other source besides your husband ever procured for you?'' ''Yes, my friends got up a card party benefit for me.'' This particular question was not objected to, although a former one as to whether anything was ever done by her neighbors in the way of contribution to her support, had been. In any event the answer could not have injured the defendants we think, and the matter is immaterial.

The judgment of the Municipal Court is affirmed.

*Affirmed.*