## GEORGE *v.* BELK.

### (*Nashville.* January 25, 1899.)

1. VERDICT. *Power and duty of Court and jury to secure a lawful verdict.*

   The Court has the power, and it is his duty, when a jury offers to return an informal or insufficient verdict, to send them back to the jury room with directions to amend it and put it in proper form. And the jury may, at any time before their discharge, amend their verdict, under direction of the Court, so as to conform to the law. (*Post, pp. 626, 627.*)

   Cases cited: 123 Mass., 254; 15 Or., 200; 52 N. Y., 437; 84 Iowa, 50; 107 Pa. St., 348; 6 John., 68; 7 John., 32; 22 Maine, 453; 28 Neb., 141.

2. SAME. *Case in judgment.*

   The jury in a malicious prosecution case returned a verdict that plaintiff recover one dollar and that defendant pay all costs. The Court informed them that this verdict would not carry costs against defendant. The jury then retired and amended their verdict and gave judgment for six dollars. The Court disregarded the last verdict and rendered judgment upon the first.

   Held: Error. Judgment should have been rendered on the amended verdict. (*Post, pp. 626, 627.*)

---

FROM WILSON.

---

Appeal in error from Circuit Court of Wilson County. W. C. HOUSTON, J.

George v. Belk.

N. G. ROBERTSON and CANTRELL & McMILLAN for George.

SANDERS & FAULKNER for Belk.

BEARD, J. This is an action for malicious prosecution, in which two trials occurred and a large bill of costs was accumulated in the Court below. On the last trial the jury came into Court and reported a verdict in this form, viz.: "We find that defendant should pay all the costs and that the plaintiff recover one dollar." Upon the suggestion of counsel for the plaintiff, that the jury were evidently laboring under a misapprehension on the subject of costs, and that it would be well for the Court to instruct them, the Court then said, in substance, "You have nothing to do with the matter of costs, but a verdict in such a case as the present for five dollars or less will not fix the costs on the defendant." The jury then retired, and after a short time returned and reported a verdict in favor of plaintiff for six dollars. This was received by the Court, and the jury was then discharged. Subsequently, on motion of the defendant's counsel, this last verdict was rejected by the Court, and a judgment was entered on the first verdict in favor of the plaintiff, eliminating therefrom, however, as surplusage, so much of it as fixed costs on defendant.

This action of the trial Judge was erroneous. The authorities are numerous to the effect that a jury may amend or change their verdict at any time

George v. Belk.

before they have been discharged, or, if they bring in an informal or insufficient verdict, the Court may send them back to the jury room with directions to amend it and put it in proper form. 2 Ell. Gen. Pr., Sec. 947; *Brown* v. *Dean*, 123 Mass., 254; *Nickelson* v. *Smith*, 15 Or., 200; *Warren* v. *N. Y. Cent. R. R.*, 52 N. Y., 437; *Johnson* v. *Rider*, 84 Iowa, 50; *Smith* v. *Meldron*, 107 Pa. St., 348; *Roat* v. *Sherwood*, 6 John., 68; *Blackley* v. *Sheldon*, 7 John., 32; *Gardnin* v. *Appleton*, 22 Maine, 453; *Rogers* v. *Sample*, 28 Neb., 141.

Even if it be conceded that the Court, in the beginning, might have disregarded so much of the first verdict as awarded costs against the defendant as surplusage and entered judgment on the balance, still this is immaterial, as that course was not pursued. On the other hand, the wiser course was taken, seeing the evident purpose of the jury, of sending them out, with an opportunity to form a legal verdict which would effectuate this purpose. The error of the trial Judge was in not rendering judgment on this last verdict. A judgment will be entered here, such as should have been in the Court below; that is, in favor of the plaintiff for six dollars, and for the costs of the Court below and all those accruing from this appeal.