CHARLES WADDLE *v.* STATE.

*(Nashville.*   December Term, 1903.)

1. **VERDICT.** Not stating whether it is murder in the first or
   second degree is a nullity.

   The jury is required in their verdict of guilty under an indict-
   ment for murder to ascertain whether it is murder in the first
   or second degree, and in such case a verdict of guilty as charged
   in the indictment, or a verdict of guilty as charged in the indict-
   ment, with mitigating circumstances, is an absolute nullity.
   (*Post, pp.* 558-561.)

   Code cited and construed:   Sec. 6441. (S.); sec. 5351 (M. & V.);
   sec. 4600 (T. & S. and 1858).

   Acts cited and construed:   1829, ch. 23, sec. 3.

   Cases cited and approved:   Kirby v. State, 7 Yer., 259; McPherson
   v. State, 9 Yer., 280; Charleston v. State, MS., 1892.

2. **SAME. Same.** Court's acceptance of null verdict and dis-
   charge of jury operates as a mistrial, and not as a discharge of
   prisoner.

   The court's acceptance of such null and invalid verdict, and its
   discharge of the jury does not operate to discharge the prisoner,
   but only operates as a mistrial of the case, and the case stands
   for a new trial.   (*Post, pp.* 562-563.)

   Cases cited and approved:   Kirby v. State, 7 Yer., 259; Murphy v.
   State, 7 Cold., 524; State v. Ragsdale, 10 Lea, 671; Mayfield v.
   State, 101 Tenn., 673; Fitts v. State, 102 Tenn., 141; Charleston
   v. State, MS., 1892.

3. **SAME. Same. Same.** Reason for rule is prisoner's pre-
   sumed consent and waiver by failure to object.

   The reason for the rule in the foregoing headnote is that the ac-
   cused has the right to have the verdict cured before the jury is
   discharged, and for failure to interpose any objection either to

Waddle v. State.

the verdict or to the discharge of the jury, the law infers that
he consented thereto and thereby waived his objection to being
again put upon trial as in case of a mistrial. (*Post, pp.* 562-
563.)

Case cited and approved:  Murphy v. State, 7 Cold., 524.

4.  **SAME. May be amended by jury, when.**
A jury may amend or change their verdict at any time before they
    have been discharged, and, if they bring in an informal or in-
    sufficient verdict, the court may send them back to the jury
    room with instructions to amend it and put in proper form.
    (*Post, pp.* 561-562.)

Case cited and approved:  George v. Belk, 101 Tenn., 625.

---

### FROM LINCOLN.

---

Appeal from the Circuit Court of Lincoln County.—
FLOYD ESTILL, Judge.

J. H. BURNAM, K. T. MCCONNICO, and T. G. KIT-
TRELL, for Waddle.

ATTORNEY-GENERAL CATES, J. H. FUSSELL, and SAM
C. TIGERT, for State.

---

MR. JUSTICE MCALISTER delivered the opinion of the
Court.

At the June term, 1902, of the circuit court of Lincoln
county the plaintiff in error was indicted for the murder
of Pleas Nevils.   The defendant interposed a plea of not

guilty.  The case was tried at the ensuing term of the court, but, the jury having failed to agree, a mistrial was entered.  The plaintiff in error was again placed on trial at the February term, 1903, when the jury returned in writing the following verdict:

"We, the jury in the case of State of Tennessee v. Charles Waddle, alias Charles H. Waddle, beg to report that we find him guilty as charged in the indictment, with mitigating circumstances."

This written verdict was received by the court, and the jury thereupon discharged.  The plaintiff in error then moved for a new trial and in arrest of judgment.

On the hearing of this motion at a subsequent day of the term counsel for the plaintiff in error moved to amend or correct the record in order that it might show that the jury was discharged on the rendition of its verdict, which motion, upon consideration of the court, was allowed.

Counsel thereupon withdrew his motion for a new trial, and moved that the prisoner be discharged from further custody upon the ground that the verdict of the jury was a nullity, and that no judgment could be pronounced thereon, and further, that the jury was discharged without the consent of the prisoner, and without any necessity therefor, which motion was by the court overruled, and defendant excepted to the action of the court.  Counsel for defendant then renewed the motion for a new trial, and offered in support thereof the affidavit of one of the jurors; but the court overruled the

Waddle v. State.

motion, whereupon the prisoner appealed, and has assigned errors. .

The cardinal inquiry presented on the record is whether the written verdict of the jury, finding defendant guilty as charged in the indictment, with mitigating circumstances, was such a legal deliverance as authorized the court to pronounce against the defendant a judgment of murder in the first degree and a sentence of life imprisonment.

We are constrained to hold that the written verdict of the jury was an absolute nullity. Section 6441, Shannon's Code, provides as follows:

"The jury before whom the offender is tried shall ascertain in their verdict whether it is murder in the first or second degree; and if the accused confess his guilt, the court shall proceed to determine the degree of crime by the verdict of a jury, upon the examination of testimony and give sentence accordingly."

It will be observed that in the written verdict returned by the jury there is no express finding of the degree of felonious homicide whereof the prisoner is found guilty, and in this respect the verdict is in contravention of the express provision of the statute.

It is insisted, however, on behalf of the State, that the phrase, "with mitigating circumstances," found in the verdict, sufficiently indicates that the prisoner was adjudged guilty of murder in the first degree, since such qualification could only relate to that offense, and would be meaningless as applied to any other degree of

felonious homicide embraced in the indictment. But in the face of the positive mandates of the statute there is no room for intendment or legal implication, for it imperatively requires that the jury shall ascertain in their verdict whether it is murder in the first or second degree.

This question is not of first impression in this State. In *Kirby* v. *The State*, 7 Yerg., 259, it appeared that defendant was convicted under a common-law indictment for murder, with the exception that the murder charged against the defendant was alleged to be murder in the first degree. The jury returned a verdict "that defendant, Kirby, was guilty in manner and form as charged in the indictment." The court pronounced sentence of death upon the finding of the jury. This court, in dealing with the question presented, held that the court erred in rendering judgment of death upon this finding of the jury, for the reason the jury did not find what degree of murder the defendant was guilty of. Said the court as follows:

"The Act of 1829, c. 23, section 3, enacting the penitentiary code, expressly requires that the jury, when they find a party guilty of murder, shall ascertain in their verdict whether it be murder of the first or second degree. It is further provided that, if a party confess his guilt, the court shall, by impaneling a jury and the examination of testimony, determine the degree of the crime. This, therefore, cannot be dispensed with, and the court has no power to proceed to judgment unless

Waddle v. State.

the degree of the crime be ascertained by the verdict of the jury."

In *McPherson* v. *The State,* 9 Yerg., 280, it appeared that defendant was indicted for the murder of his wife in the circuit court of Carroll county. He was convicted, and sentenced to be hung. It appeared that the verdict of the jury was returned in general terms—that the prisoner is guilty in manner and form as charged in the bill of indictment—without specifying that he was guilty of murder in the first or second degree. It was held that the verdict of the jury was in contravention of the statute. The judgment was reversed and the prisoner was remanded for a new trial.

In *Henry Charleston* v. *The State.,* MS. opinion, Lurton, J., December term, 1892, it appeared that the prisoner was indicted for murder in the first degree for the unlawful killing of one Sam Pennington, colored. The jury returned a verdict in language precisely similar to the language of the jury with which we are now dealing, viz.: "We find the defendant guilty as charged in the indictment, with mitigating circumstances."

This court held that the general verdict was bad, and that no judgment could be pronounced thereon.

It was within the power of the trial judge to direct the jury to amend this verdict so as to conform to the statute. As said by this court in *George* v. *Belk,* 101 Tenn., 625, 49 S. W., 748:

"The authorities are numerous to the effect that a

112 Tenn—36

jury may amend or change their verdict at any time before they have been discharged, or, if they bring in an informal or insufficient verdict, the court may send them back to the jury room with instructions to amend it and put it in proper form."

It is insisted, however, that the court having received this verdict and discharged the jury, the prisoner cannot be further held in custody, and must be discharged. But, as held in *Charleston* v. *The State,* supra, the effect of such a verdict is not to discharge the prisoner, but it only operates as a mistrial of the case.

This point was further ruled in *Murphy* v. *The State,* 7 Cold., 524; *The State* v. *Ragsdale,* 10 Lea, 671; *Mayfield* v. *The State,* 101 Tenn., 673, 49 S. W., 742; *Fitts* v. *The State,* 102 Tenn., 141, 50 S. W., 756.

The reason assigned in the cases for this rule is that the accused had the right to have the verdict cured before the jury was discharged. He, however, failed at the time to interpose any objection either to the verdict or to the discharge of the jury; and in such case the law infers that he consented thereto and thereby waived his objection to being again put upon trial as in case of a mistrial. *Murphy* v. *The State,* supra, citing 1 Bishop on Criminal Procedure, section 842; 1 Bishop on Criminal Law, section 844.

In *Fitts* v. *The State,* 102 Tenn., 141, 50 S. W., 756, it was held that:

"A verdict fixing a punishment in excess of the maximum prescribed by the statute, and for that reason set

aside as a nullity, cannot be successfully interposed to prevent another trial and further prosecution of the case."

In all of the reported cases, beginning with *Kirby* v. *The State,* supra, it appears that the result of the acceptance by the court of an invalid verdict was not to discharge the prisoner, but to remand the case for a new trial.

It appears from the record in this case that when the written verdict herein was returned the jury was polled, and each member thereof affirmed his assent to the verdict.    Neither the prisoner nor his counsel sought to have the verdict corrected nor objected to the discharge of the jury which was ordered by the court, so that, under the rule announced in the cases already cited, the judgment herein must be reversed, and the case remanded for a new trial.