Fuerst v. State.

FUERST *et al. v.* THE STATE.

(*Knoxville.* September Term, 1905.)

1. **INDICTMENT.** For assault with intent to commit murder in the first degree includes what offenses.

   An indictment charging in one count an assault with intent to commit murder in the first degree, embraces by implication of law an assault to commit murder in the second degree, an assault with intent to commit voluntary manslaughter, an assault and battery and a simple assault.

2. **SAME.** Same. Verdict of "guilty as charged" is sufficiently certain, when.

   A general verdict of "guilty as charged in the first count of the indictment," where the indictment contains but one count and charges in terms an assault with intent to commit murder in the first degree, is sufficiently certain as a verdict of guilty of assault with intent to commit murder in the first degree: and the statute requiring the jury, where the indictment charges murder, to ascertain in their verdict whether the offense is murder in the first or second degree, has no application to a prosecution for an *assault* with intent to commit murder.

·Code cited and construed:   6441  (S.);  5351  (M.  &  V.);  4600 (1858);  7195 (S.);  6061 (M. & V.);  5222 (1858).

Case cited and distinguished:   Waddle v. State, 112 Tenn., 556.

---

FROM KNOX.

---

Appeal in error from the Circuit Court of Knox County.—JOSEPH W. SNEED, Judge.

LINDSAY, SMITH & YOUNG, JOHN C. HOUK, R. A. MY-
NATT and L. C. HOUK, for Fuerst *et al.*

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

, The plaintiffs in error were indicted. in the circuit
court of Knox county for an assault with intent to com-
mit murder in the first degree upon the body of one Hal
Dick, and were convicted and sentenced to three years
in the State penitentiary.

The first question made is upon the verdict, which,
omitting the formal parts, was as follows:

"They find the defendants guilty as charged in the
first count of the indictment, and fix their punishment at
three years in the State penitentiary."

There is only one count in the indictment. It charges,
in terms, an assault with intent to commit murder in
the first degree.

By implication of law, of course this count also em-
braces an assault with intent to commit murder in the
second degree, an assault with intent to commit volun-
tary manslaughter, an assault and battery and a simple
assault.

It is insisted on the authority of the case of *Waddle* v.
*State,* 112 Tenn., 556, 82 S. W., 827, that the verdict in
the present case is void.  In that case it appeared that
the plaintiff in error, Waddle, was indicted for the mur-

der of one Pleas Nevels.   The jury returned as their verdict:

"We find him guilty as charged in the indictment, with mitigating circumstances."

The court held that this verdict was a nullity, because in violation of section 6441 of Shannon's Code.

The section reads as follows:

"The jury before whom the offender is charged shall ascertain in their verdict whether it is murder in the first or second degree; and if the accused confess his guilt, the court shall proceed to determine the degree of crime by the verdict of a jury, upon the examination of testimony, and give sentence accordingly."

It was insisted for the State in that case that the finding of mitigating circumstances by the jury sufficiently indicated that the prisoner was guilty of murder in the first degree, since such qualification could only relate to that offense.   In response to this contention, the court said:   "In the face of the positive mandates of the statute, there is no room for intendments, or legal implication, for it imperatively requires that the jury shall ascertain in their verdict whether it is murder in the first or second degree."

It thus appears that the decision in the *Waddle Case* was based upon the language of the Code which we have quoted.   That section, however, would not control in cases of the character we now have under consideration. It applies only to indictments for murder, and not to those for assaults, with intent to commit murder. Where,

as in the present case, there is an indictment for an as-
sault with intent to commit murder in the first degree,
and the jury find the defendant "guilty as charged," the
proper construction of such verdict is that the jury find
the defendant guilty of the grade charged, in terms, in
the count referred to. Such we deem to be the dictate
of sound reason in the absence of any statute laying
down a different rule. There is no such statute. On the
contrary, the only section of the Code which bears upon
this special subject supports the view which we have just
expressed. Shannon's Code, section 7195. In this section
it is provided that "upon an indictment for any offense
consisting of different degrees, the jury may find the de-
fendant not guilty of the degree charge in the indictment
and guilty of any degree inferior thereto," etc. This
indicates that upon the general verdict of guilty, except
in cases governed by section 6441, the necessary con-
clusion would be that the defendant had been found
guilty of the degree charged in terms in the indictment,
and that in order to authorize the entry of a judgment on
the verdict for a lower grade the jury would have to
specify such grade therein.

It is suggested that this view of the matter is contrary
to the conclusion reached by the court at the present
term, in the case of *Webster Willis* v. *State.* In that
case the indictment was for an assault with intent to
commit murder in the first degree, and the verdict was:
"We find the defendant guilty, and fix his punishment

at two years in the penitentiary." This verdict was held void for uncertainty. Here, it is to be observed, the jury did not say they found the defendant "guilty as charged," as they do in the case now before the court; and it is to be observed also that they fix his punishment at two years, which they could not do if they had found the defendant guilty of an assault with intent to commit murder in the first degree, since the lowest term for that offense is three years. By fixing the term at two years, they indicated a purpose to find the defendant guilty of some lower grade, but what grade?

The statute (section 7195, supra) says, if they acquit him of the grade charged in terms, they shall specify the grade of which they do find him guilty. This was not done in the case referred to; hence the verdict was held to be fatally uncertain. It is apparent, therefore, that the decision in the *Willis Case* is not opposed to the decision reached by the court in the present case.

We have considered the other points in the case in the memorandum opinion filed with the record, and they need not be specially referred to here.

After considering all of the errors assigned, we are of opinion that there was no error in the action of the court below as to the plaintiffs in error, Fuerst and Richards, and the judgment should be affirmed as to them. It is reversed as to Ab Cassady, because the evidence is not sufficient to show his complicity in the crime.