## LEO TEMPLE *v.* STATE.

### *(Nashville.   December Term, 1912.)*

**1. CRIMINAL LAW.  No new trial, arrest of judgment, or reversal in the supreme court for causes declared by statute not to be grounds therefor.**

Under the statute (Shannon's Code, sec. 7217), enumerating causes which shall not be sufficient to authorize a new trial, arrest of judgment, or reversal of the judgment, the accused is not entitled to a new trial or reversal of the conviction after a trial on the merits, on a plea of not guity, because the certified copy of the record does not show the caption of the court, and because the record does not show the name of the trial judge, and because the record does not contain the *venire facias*, and because the indictment was signed by one as *pro tem.* attorney-general, and the record did not show any order appointing him attorney-general *pro tem.*   (*Post, pp.* 432, 433.)

Code cited and construed:   Sec. 7217 (S.); sec. 6083 (M. & V.); sec. 5242 (T. & S. and 1858).

Case cited and approved:   King v. State, 15 Lea, 51.

Cases cited and overruled:   State v. Davidson, 2 Cold., 196; Thurston v. State, 3 Cold., 117.

**2. SAME.  Indictment signed by attorney-general pro tem., and prosecution of case by attorney-general before trial jury is no ground of complaint by accused.**

The attorney-general need not appear in a criminal prosecution, but outside counsel may appear and prosecute upon the procurement of the prosecutor or the public; and the accused cannot complain upon the ground that the indictment was signed by an attorney-general *pro tem.*, where it otherwise appears that the attorney-general prosecuted the case on the trial before the jury.   (*Post, pp.* 433, 434.)

Case cited and approved:   Isham v. State, 1 Sneed, 111.

Temple v. State.

**3. SAME.** Verdict of "guilty as charged in the indictment" for rape is sufficient to warrant judgment imposing the death penalty.

Under the statute (Shannon's Code, sec. 6452), imposing the death penalty for rape, but providing that the jury may commute the punishment to imprisonment for life or for a term not less than ten years, and under another statute (Shannon's Code, sec. 6458), declaring that the punishment for assault on a female under the age of ten years, with intent to carnally know her shall be the same as in case of rape; a verdict on a trial under an indictment for assault on a female under the age of ten years, with intent to carnally know her, returned in these words: "We, the jury, find the defendant guilty as charged in the indictment," is sufficient and carries with it the death penalty, since the jury did not commute the punishment to imprisonment. (*Post*, *pp.* 434, 435, 436.)

Code cited and construed: Secs. 6452, 6458 (S.); secs. 5362, 5366 (M. & V.); sec. 4611 (T. & S. and 1858).

Case cited and approved: Fuerst v. State, 115 Tenn., 357.

Case cited and distinguished: Waddle v. State, 112 Tenn., 556.

**4. SAME.** Presumption of correction of trial court's charge, if no bill of exceptions.

Where there is no bill of exceptions, so that the charge of the court is not in the record, the supreme court will presume that the trial judge correctly charged the law in the case. (*Post*, *pp.* 434, 435.)

**5. SAME.** Presumption that evidence was heard, and was sufficient to sustain the verdict.

In the absence of a bill of exceptions, the supreme court will conclusively presume that the jury heard the evidence, and that the evidence was sufficient to sustain the verdict beyond a reasonable doubt. (*Post*, *p.* 436.)

Temple v. State.

FROM SHELBY.

Petition for writs of error and *supersedeas* of the judgment of the Criminal Court of Shelby County.— JESSE EDGINGTON, Judge.

EDWARD MOSELY, for Temple.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

———

Mr. JUSTICE LANSDEN delivered the opinion of the Court.

Leo Temple, was indicted at the May term, 1912, of the criminal court of Shelby county, for an unlawful, violent, and felonious assault and battery on the person of Clara Queen, a female under the age of ten years, with the intent to carnally know and abuse her, and was convicted on September 20th following. Motions for a new trial and in arrest of judgment were made and overruled by the trial court, and the plaintiff in error was sentenced to death by hanging.

An appeal was prayed and granted to this court sitting at Jackson, and fifteen days were allowed the plaintiff in error in which to make and file his bill of exceptions; but afterwards, on October 12, 1912, the following order was entered: "Comes the defendant in open court and with the consent of the court withdraws his appeal heretofore made and entered in his behalf, and

submits to the judgment and the court heretofore entered." Since then, and at this term, a petition for writs of error and *supersedeas* has been presented on behalf of plaintiff in error, and we have before us nothing but the technical record for review. Errors are assigned, assailing the sufficiency of this record upon numerous points. It is said that the certified copy of the record fails to show a caption of the court, and this is true; that the record fails to show the name of the judge who tried the case in the court below, and this is true; that the record fails to show that the clerk embodied in the record the *venire facias,* and this is true; that the indictment was signed by William R. Harrison, *pro tem.* attorney-general of criminal court of Shelby county, and the record fails to show any order of the court appointing him attorney-general *pro tem.,* and this is true; that the record shows that the indictment was signed by William R. Harrison, attorney-general *pro tem.,* and it otherwise appears that the defendant was prosecuted by the attorney-general, and this is true.

None of the foregoing deficiencies in the transcript presented to us is sufficient cause for a new trial.

It is expressly enacted at section 7217 of Shannon's Code that if a person indicted or presented for a criminal offense is arraigned before a court having jurisdiction of the matter and pleads not guilty, and is tried upon the merits and convicted, a new trial shall not be granted or judgment arrested, or a reversal of the judgment had in this court. (1) Because the clerk of the court omitted to file or enter his plea of record; (2)

Temple v. State.

because the attorney-general or clerk or grand jury omitted to mark a prosecutor upon the indictment; (3) because the clerk omitted to show in the record sent to the supreme court that there was a prosecutor; (4) because of the defect in making out the caption of the record; (5.) because of an omission of any caption to the record sent up to the supreme court; (6) because the clerk omitted to embody in the record the *venire facias;* (7) because he omitted to enter upon the minutes of the court that the grand jury returned the indictment into open court, if the indictment shows upon its back that it was found a "true bill;" (8) because the indict-ment was drawn by an attorney-general *pro tempore* and the clerk omitted to enter his appointment upon the minutes of the court.

It was held by this court in *State* v. *Davidson*, 2 Cold., 196, and *Thurston* v. *State*, 3 Cold., 117, that if more than one of the causes of those enumerated exist in the same record, the statute did not control; but these cases were expressly overruled in the later case of *King* v. *State*, 15 Lea, 51, and this latter case has been uniformly followed since.

The foregoing Code provisions, under the authority of *King* v. *State*, supra, dispose of the first, second, third and fourth assignments of error. The fifth assignment is that the record shows that the indictment was signed by an attorney-general *pro tem.*, and it otherwise appears that the attorney-general prosecuted the plaintiff in error before the jury. There is nothing in this objec-

tion.   The attorney-general need not appear in the prosecution at all.   *Isham* v. *State*, 1 Sneed, 111.   Outside counsel may appear and prosecute upon the procurement of a prosecutor or the public.

The sixth assignment goes to the form of the verdict of the jury, which is as follows: "We, the jury, find the defendant guilty as charged in the indictment."    It is said under this assignment that the jury did not state what offense they found the defendant guilty of, nor did the jury assess the punishment which the prisoner was to undergo.

It is provided by section 6458 of Shannon's Code as follows: .

"Any person who shall commit an assault and battery upon a female under age of ten years with the intent to unlawfully and carnally know her shall, on conviction, be punished as in case of rape."

By section 6452, the punishment for rape is provided as follows:

"Whoever is convicted of the rape of a female shall suffer death by hanging; provided the jury before whom defendant is tried and convicted may, if they think proper, commute the punishment for the offense to imprisonment in the penitentiary for life, or for a period of not less than ten years."

The position taken in the assignment under consideration seems to be that the judgment of the law upon the punishment for rape may be one of three things; that is death by hanging, imprisonment for life, or imprisonment for ten years.   **This** is an erroneous view.   The

punishment is expressly fixed at death by hanging.    It is provided, however, that if the jury think proper they may commute the punishment to imprisonment in the penitentiary for life, or for any period not less than ten years.   This is a matter that rests in the sound discretion of the jury upon the evidence and under the law as given them in charge by the court.   There being no bill of exceptions, and the charge of the court not being before us, we must presume that his honor correctly gave the law in charge.   The verdict of the jury, finding the defendant guilty as charged in the indictment, is a refusal upon their part to commute the punishment as authorized by the Code.   The power of commutation is vested in the jury and not in the court.   The punishment is fixed by the law at death by hanging.   Therefore the general verdict returned by the jury carried with it, as a matter of law, the penalty imposed by the trial judge.

*Waddle* v. *State,* 112 Tenn., 556, 82 S. W., 827, is not in point.   That was an indictment for murder which included many lesser offenses, and it was held that a general verdict upon such an indictment was void for uncertainty.   This is necessarily true in a case of that kind, because the indictment charges with equal clearness the various degrees of murder, and also manslaughter, both voluntary and involuntary, and an assault and battery, so that a general verdict of "guilty as charged in the indictment" could not be applied to any particular grade of offense embraced in the indictment to the exclusion of the other grades included therein.   But

there are no grades of the offense of rape, and only the one offense is charged in this indictment. The grade is in the punishment and not in the offense. There is no uncertainty in the general verdict under this indictment, because there is only the one offense alleged. *Fuerst* v. *State,* 115 Tenn., 357, 89 S. W., 955.

It is also assigned for error that the judgment of the court fails to recite that the jury trying the case in the court below heard any evidence upon the trial. This court will conclusively presume in the absence of a bill of exceptions, not only that the jury heard the evidence, but that the evidence was sufficient to sustain the verdict beyond a reasonable doubt. It cannot be presumed that the trial judge approved of the judgment of the severity of this one unless it were made to appear to his satisfaction beyond a reasonable doubt that the prisoner is guilty. There is no reversible error shown upon the record before us, and it necessarily follows that the petition must be dismissed, and the writs of error and *supersedeas* denied.