510

## THARPE *v.* STATE.

*(Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

R. M. MURRAY, of Huntingdon, and M. H. GOLDSTON, of Paris, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

Mr. Justice Burnett delivered the opinion of the Court.

Tharpe was indicted and tried on an indictment charging murder in the first degree. He was found "guilty as charged and assess his punishment at 10 years imprisonment."

The State in its usual forthright, able and frank manner said: "The only question in the case which gives the State cause for concern is one which was not raised in the Court below and has not been assigned as error in this Court. By Code, Section 10770 the jury is required to ascertain in its verdict the degree of the homicide. The propriety of raising the question has caused the writer some concern, in view of the fact, as noted, that no question was made as to the validity of the verdict in the Court below, there are no assignments here on that question and the plaintiff in error treats the offense of which he is convicted as murder in the second degree."

The Code Section referred to in the quotation above provides: "The jury before whom the offender is tried, shall ascertain in their verdict whether it is murder in the first or second degree; and if the accused confess his guilt, the court shall proceed to determine the degree of crime by the verdict of a jury; upon the examination of testimony, and give sentence accordingly."

In a note to the Code, Section 10770 above quoted, it is said: "Under an indictment for murder in the first degree, or for murder without any specification as to the degree of murder intended to be charged, the verdict

must specify the degree of murder of which the defendant is found guilty; and a verdict of guilty in the manner and form as charged in the indictment is void, and an absolute nullity. *Kirby* v. *State,* 7 Yerg. (15 Tenn.) 259; *Mitchell* v. *State,* 8 Yerg. (16 Tenn.) 514; *McPherson* v. *State,* 9 Yerg. (17 Tenn.) 279; *Turner* v. *State,* 3 Heisk. (50 Tenn.) 452; *Waddle* v. *State,* 112 Tenn. (4 Cates) 556, 82 S. W. 827; *Fuerst* v. *State,* 115 Tenn. (7 Cates) 357, 89 S. W. 955; *Temple* v. *State,* 127 Tenn. (19 Cates) 429, 155 S. W. 388.''

GREEN, J., speaking for the Court in *Kirby* v. *State,* 15 Tenn. 259, 263, said: ''The court also erred in rendering judgment of death upon this finding of the jury. The jury do not find what degree of murder the defendant is guilty of. The act of 1829, ch. 23, Section 3, (now Code Section 10770), enacting the penitentiary code, expressly requires that the jury, when they find a party guilty of murder, shall ascertain in their verdict whether it be murder of the first or second degree. . . . This, therefore, cannot be dispensed with, and the court has no power to proceed to judgment unless the degree of the crime be ascertained by the verdict of the jury.''

The State cites and quotes at length from *Waddle* v. *State,* 112 Tenn. 556, 82 S. W. 827, 828, and says that in that case the question of the validity of the verdict was properly presented to the court and the court there held that the verdict must be reversed and the case remanded for a new trial because the jury had not ascertained the degree of murder of which the defendant was guilty. The Court said in that case: ''We are constrained to hold that the written verdict of the jury was an absolute nullity.'' The State argues and says that it has serious doubt as to the correctness of the rule set forth in the

Waddle case which is the rule as is so clearly stated in the note to the Code above quoted. This has long been the rule. The State argues very forcefully and with some support, that the judgment is full and definite upon its face and that where a verdict does not expressly find the degree of guilt that the court may nevertheless hold it valid if the assessment of punishment clearly indicates the degree of guilt to which the punishment was affixed.

We cannot agree with this argument of the State. We see no reason to reverse the long line of authorities holding that it is the duty of the jury, in accord with statute, to find the degree of guilt of which they think the defendant is guilty. An indictment for murder under our statutes consists of two degrees, murder in the first degree and murder in the second degree, and the punishment in the one case is different from the punishment in the other, and by Code, Section 10770 (above quoted) it is by statute made the duty of the jury to ascertain in their verdict whether the offense charged is murder in the first or second degree. In the instant case the jury found the defendant "guilty as charged and assess his punishment at 10 years imprisonment". This is the minute entry. The judgment of the court was that: "in accordance with the verdict of the jury that the Defendant, Wilburn Tharpe, undergo confinement in the State Penitentiary for a period of not less than 10 years, not (nor) more than 10 years . . .".

The bill of exceptions shows that the jury "returned a verdict of 'guility' and fixed his punishment at not less than 10 years nor more than 10 years in the State Penitentiary."

Obviously the jury failed to ascertain the degree of the murder that they found the plaintiff in error guilty of. Therefore because of this fact and because of the requirement of the statute in such cases, the case must be reversed and remanded for a new trial.

We think that it was entirely proper for the State to call this question to our attention. This was proper, if for no other reason, because sooner or later it would have been discovered that the verdict was as it was and probably then a petition for *habeas corpus* might have been filed and the plaintiff in error released from prison. As to whether or not, then, both the State and the plaintiff in error could have had a fair trial might present a serious question.

All concur.