NORMA BIRCHFIELD

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

THOMAS E. MITCHELL, Johnson City, for plaintiff in error.

WILLIAM D. GRUGETT and DAVID M. PACK, Assistant Attorneys General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff in error was indicted for receiving and concealing stolen property. The jury found her guilty and sentenced her to a term of 3 years in the State penitentiary. Apparently the clerk of the court in writing up this judgment showed that plaintiff in error was found guilty of breaking and entering and of larceny. Obviously, one reading the record and charge of the court knows that this judgment is erroneous.

Before taking up the merits of the case it is necessary for us to consider the various motions that have been made herein.

The conviction was had on February 19, 1959. While this Court was in session at Nashville in the fall of 1959, the State through its Assistant Attorney General moved to correct the mistake in the judgment above referred to on the theory that this mistake was apparent on the face of the record. Thus it was the State moved under Section 20-1513, T.C.A., to correct the mistake in this judgment. We on this motion ordered the cause remanded to the Circuit Court of Carter County for this purpose. The cause was seasonably remanded, and is now back to us on the correction as made by the lower court on the remand. The trial court within a year from the date of the original judgment, to wit, on February 8, 1960, entered an order in which it was adjudged and decreed by that court ''that the Clerk correct the minute entries as to the judgment of the Court in said cause so as to conform with the court's docket entries, and to show that defendant was put to trial upon an indictment charging

her with receiving and concealing stolen property and that defendant was found guilty by the jury as charged."

It is now moved by the plaintiff in error that we reverse the judgment because it is argued that the court only speaks through its minutes and that the record has never been corrected, and that the lower court has no right and power to correct the judgment aforesaid.

Section 20-1512, T.C.A., provides that any court of record may within twelve months after final judgment "amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge by which to amend."

This record shows that the original warrant was amended to show that the offense charged included receiving and concealing stolen property. The indictment in the cause was for receiving and concealing stolen property. The charge of the court to the jury, after the evidance was all in under this indictment, was in relation only to the receiving and concealing of stolen property. The trial docket entry of the presiding judge shows that the cause was on his docket for receiving and concealing stolen property. Thus from the record in this cause, and the entry made by the presiding judge on his trial docket, it is apparent to us without peradventure of a doubt that there was a clerical error or mistake of some kind in the judgment entered in the cause, and that the same should have been corrected by the trial court, which was done within a year from the time the cause was tried below.

The Section of the Code (20-1512, T.C.A.) under which this correction was made must not be mistaken with the

following Section, to wit, 20-1513, T.C.A. These two Sections of the Code are clearly distinguishable and the reasons of why the two are different are very succinctly and clearly pointed out in *Bailey v. State,* 198 Tenn. 354, 280 S.W.2d 806. The reasoning therein in the distinction of the two Sections of the Code clearly point to the power of the court to make the correction, which was made herein, within one year from the entry of the judgment. The things, as above pointed out, which were looked to by the trial court in making this correction are things that can be looked to under the Section of the Code under which the correction was made within a year.

Such related corrections have been made by the court in *Cowan v. State,* 117 Tenn. 247, 96 S.W. 973; *Coleman v. State,* 121 Tenn. 1, 113 S.W. 1045; and in *Glidewell v. State,* 83 Tenn. 133, 134, 135, where the following appropriate language was used:

> "There is no ground to doubt from this record that the jury did in point of fact return the verdict finally acted upon by the court, and we see no reason or principle of law that forbids a court, in criminal trials, from correcting the clerical errors or misprisions of its clerk during the term, so as to make its record speak the truth. To say that it cannot, is to establish a rule that would enable a careless, negligent and designing clerk, in many cases, to falsify the truth and defeat the ends of justice."

Also see *Justus v. State,* 130 Tenn. 540, 172 S.W. 279; *Goodwin v. State,* 148 Tenn. 682, 275 S.W. 79; *Payne v. State,* 154 Tenn. 47, 289 S.W. 526; and others. These authorities over a period of over a half a century clearly

warrant the remand and correction of the judgment herein.

We have filed with the record an opinion covering the full factual development herein. This, though, does not in anyway affect the legal conclusions above set forth.

The jury could hardly reach any other verdict than they did under this evidence. The case must be affirmed.