GILBERT NICHOLAS

*v.*

STATE OF TENNESSEE.

364 S.W.2d 895.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

Robert H. Roberts, Byrdstown, J. A. Oakley, Livingston, for plaintiff in error.

George F. McCanless, Attorney General, Lyle Reid, Assistant Attorney General, Nashville, for the State.

Mr. Justice Dyer delivered the opinion of the Court.

Gilbert Nicholas appeals from a conviction of murder in the second degree his punishment having been fixed at not more than fifteen years in the State Penitentiary.

Nicholas went to trial under an indictment charging him with murder in the first degree. The verdict of the jury as shown on the minute entry in the record before us is as follows:

"* * * they (the jury) find the defendant, Gilbert Nicholas guilty as charged."

266

This verdict of the jury is invalid for two reasons.

■ First under Sec. 39-2404, T.C.A. the jury was required to determine by their verdict whether they found Nicholas guilty of murder in the first or second degree and not having done so the verdict is invalid. *Waddle v. State,* 112 Tenn. 556, 82 S.W. 827; *Tharpe v. State,* 190 Tenn. 510, 230 S.W.2d 983.

■ Second the punishment for murder in the second degree is fixed by statute as not less than ten nor more than twenty years. Sec. 39-2408, T.C.A. It therefore comes under the Indeterminate Sentence Law which requires the jury to fix the maximum punishment. Sec. 40-2707, T.C.A. *State ex rel Brinkley v. Wright,* 193 Tenn. 26, 241 S.W.2d 859. The jury having failed to fix the maximum sentence against Nicholas the verdict is invalid. *Oliver v. State,* 169 Tenn. 320, 87 S.W.2d 566.

The State has filed a motion to remand the case so that the verdict may be corrected under authority of Sec. 20-1512, T.C.A. on the ground it is apparent from the record the jury actually returned a verdict of murder in the second degree fixing the maximum punishment at fifteen years, and in fact the verdict of the jury as entered on the minutes of the Court is a clerical error. Section 20-1512, T.C.A. is as follows:

"Any court of record may, at any time within twelve (12) months after final judgment or decree, and while the cause is still in such court, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge by which to amend." Sec. 20-1512.

Under authority of Section 20-1512, T.C.A. courts have for a long time corrected errors where there is sufficient matter apparent on the record, papers in the cause, or entries of the presiding judge from which a proper amendment or correction can be made. *Glidewell v. State,* 83 Tenn. 133; *Coleman v. State,* 121 Tenn. 1, 113 S.W. 1045; *Justus v. State,* 130 Tenn. 540, 172 S.W. 279; *Birchfield v. State,* 207 Tenn. 133, 338 S.W.2d 574.

The State in support of their motion point out three matters of record, which they allege are sufficient to make it apparent the jury in fact found Nicholas guilty of murder in the second degree sentencing him to fifteen years, and the entry of the verdict made by the clerk is a clerical error.

First at the top of the minute entry which contains the verdict, "guilty as charged" we find the following entered as a heading or caption.

"Charge.... Murder of Jack Holsapple.
2-8-1962.... Jury verdict of Murder in the Second Degree with maximum of (15) fifteen years in penitentiary."

The State contends this is a notation from the Trial Judge's docket which shows the jury returned a verdict of murder in the second degree and fixed the punishment at 15 years.

Second in the same minute entry the Court pronounced judgment in accordance with the verdict and findings of the jury sentencing Nicholas to 15 years in the State Penitentiary for murder in the second degree.

Third in the minute entry overruling the motion for a new trial the court entered a judgment sentencing Nich-

olas to a maximum of 15 years in the State Penitentiary for murder in the second degree.

In the Birchfield case the defendant was indicted for receiving and concealing stolen property for which she was found guilty by the jury and given three years. In entering the verdict on the minutes the clerk wrote, "guilty of breaking and entering and of larceny," This Court approved an order of the trial judge correcting the error since the indictment, charge of the court and trial judge's docket entry all gave evidence the trial and conviction was in regard to receiving and concealing stolen property, and the entry by the clerk was in error.

In the Justus case defendant was convicted of second degree murder. In this Court defendant filed a motion to remand alleging clerical errors, to-wit: that the order overruling the motion for a new trial and granting an appeal was made on June 10, 1914, but by mistake entered by the clerk as done on June 5, 1914; that the trial court granted defendant thirty days in which to file his bill of exceptions, but the clerk by mistake wrote in the minutes twenty days. The bill of exceptions was filed on July 6, 1914, which according to the record made by the clerk comes too late, but would be in time if the errors alleged by defendant be corrected. This Court did indicate such errors as alleged here could be corrected when supported by satisfactory legal evidence, and in this case made the following statement:

"It must follow that this court should not remand for such amendments of the records of the lower court to be made, unless it appears here, by satisfactory legal evidence, that the records, papers or entries in the court below show sufficient facts to give that court jurisdic-

tion to make the desired correction upon remand of the cause." 130 Tenn. 546, 172 S.W. 281.

The several cases (not all cited in this opinion) on which this Court has ruled in regard to the issue presented here have been in regard to errors of a similar nature to the errors noted in the Birchfield and Justus cases. We have not been cited, nor have we found a case where the errors are similar to the errors to be corrected here. As previously shown in this opinion the jury was required to find of what degree of murder they found the defendant guilty.

In the Birchfield case both the indictment and the charge of the court were in regard to the crime of "receiving and concealing stolen property," which is inconsistent with the crime of "breaking and entering and larceny" entered by the clerk on the minutes. In other words all matters in this record gave evidence the clerk no doubt had made an error in entering the jury verdict on the minutes of the Court. In the instant case there are some similarities, but there are also some material differences.

In the case at bar the indictment is for murder in the first degree, but this does not offer any evidence to support the fact the clerk made a clerical error in entering this verdict, since under this indictment the jury could have found murder in the first degree, murder in the second degree, voluntary manslaughter or involuntary manslaughter. The charge of the Court covers the four distinct felonies embraced under this indictment, to-wit: murder first degree, murder second degree, voluntary manslaughter and involuntary manslaughter. Under this charge the jury could have found Nicholas guilty of any one of these four felonies. The charge then offers no evi-

dence the clerk made this error in entering the verdict. We have examined all the evidence in the record, but this does not support the fact the clerk made this error, since the same evidence could support a verdict of murder in the first or second degree, if the jury so found.

We think and so hold where it is sought to amend or correct a jury verdict under Section 20-1512, T.C.A., that the proof in accord with this statute must be clear and convincing, that the verdict sought to be entered is the one pronounced in the cause. We do not think the proof offered in the case at bar reaches the required dignity.

The judgment of the Trial Court is reversed and the cause remanded for a new trial.