STATE OF TENNESSEE ex rel. LUTHER LOCKHART,
Plaintiff in Error,

*v.*

C. MURRAY HENDERSON, Warden, Tennessee State
Penitentiary, Defendant in Error.

427 S.W.2d 834.

(*Knoxville,* September Term, 1967.)

Opinion filed May 3, 1968.

DOUGLAS MEYER, Chattanooga, for plaintiff in error.

GEORGE F. MCCANLESS, Attorney General, and LANCE
D. EVANS, Assistant Attorney General, Nashville, and
EDWARD E. DAVIS, District Attorney General, Chatta-

nooga, prosecuted the case in the trial court for defendant in error.

MR. JUSTICE DYER delivered the opinion of the Court.

█ Luther Lockhart appeals from a dismissal of his petition for the writ of habeas corpus, which petition alleges his conviction was void on the ground the jury, by its verdict, did not specify the degree of murder of which it found him guilty.

The Grand Jury of Hamilton County, at ' 's May Term, 1959, returned an indictment against petitioner charging statutory murder in the first degree. In October, 1959, petitioner plead guilty to "first degree murder" and the jury returned its verdict as follows: "Fix the punishment for the defendant at the term of not more than fifty (50) years in the penitentiary."

The issue raised here relates to T.C.A. sec. 39-2404, which is as follows:

The jury before whom the offender is tried, shall ascertain in their verdict whether it is murder in the first or second degree; and if the accused confess his guilt, the

court shall proceed to determine the degree of crime by the verdict of a jury, upon the examination of testimony, and give sentence accordingly.

■ ■ Since the enactment of this statute in 1829 this Court has construed same on numerous occasions. It has been consistently held under an indictment for murder in the first degree, or for murder without any specifications as to the degree, the failure of the jury by its verdict to specify the degree of murder of which it finds a defendant guilty will render the verdict void. *Kirby v. State,* 15 Tenn. 239 (1834); *Mitchell v. State,* 16 Tenn. 514 (1835); *McPherson v. State,* 17 Tenn. 279 (1836); *Waddle v. State,* 112 Tenn. 556, 82 S.W. 827 (1903); *Fuerst r. State,* 115 Tenn. 357, 89 S.W. 955 (1905); *Temple v. State,* 127 Tenn. 429, 155 S.W. 388 (1912); *Tharpe v. State,* 190 Tenn. 510, 230 S.W.2d 983 (1950); *Nicholas v. State,* 211 Tenn. 264, 364 S.W.2d 895 (1963).

In all of the cases above cited and other similar cases, the citation of which would be cumulative, the defendant entered a plea of not guilty. So far as we can determine the only case bearing on the issue here wherein the defendant entered a plea of guilty is *State ex rel. Brinkley v. Wright,* 193 Tenn. 26, 241 S.W.2d 859 (1951). In the *Brinkley* case the defendant entered a plea of guilty to an indictment charging murder in the first degree and the jury, by its verdict, specified the degree of murder of which it found defendant guilty. The issue raised by the defendant in his petition for habeas corpus was that under T.C.A. sec. 39-2404, the jury should have only fixed the punishment and the court should have determined the degree of murder. This Court in rejecting this argument said:

\* \* \* the reasonable construction to be given this code section, read as a whole, or of the clause in question, read separately, is that where a defendant pleads guilty to an indictment charging murder the jury by its verdict must determine the degree of unlawful homicide of which he is guilty, and that the natural meaning of each word of the clause in question and the punctuation, or lack thereof, likewise require such construction. 193 Tenn. at 29, 241 S.W.2d at 860.

Under authority of the *Brinkley* case, the jury in the case at bar was required to specify by its verdict the degree of murder of which it found petitioner guilty.

The State in the case at bar agrees everything we have noted above in this opinion is correct, nor is it insisted the jury by its verdict specified the degree of murder of which it found defendant guilty. The position of the State is that the judgment against petitioner should be affirmed by applying the harmless error statute. T.C.A. sec. 27-117. This insistence is based on the fact petitioner did plead guilty to a specific degree of murder; that is, first degree murder. This is a different situation from the *Brinkley* case wherein the defendant did plead guilty to an indictment charging murder in the first degree, but did not plead guilty to a specific degree of murder.

Counsel for both the State and petitioner in their briefs state there are no cases directly in point on the issue here either in this jurisdiction or other jurisdictions having comparable statutes. Our research indicates such is correct.

In *Waddle v. State,* supra, the defendant was indicted for murder and the jury returned its verdict stating: "We find him guilty as charged in the indictment, with

mitigating circumstances." The State insisted the phrase "with mitigating circumstances" sufficiently indicated the jury found murder in the first degree since this phrase could only relate to first degree murder and would be meaningless applied to any other degree of murder embraced in the indictment. In rejecting this argument the Court said:

> But in the face of the positive mandates of the statute there is no room for intendment or legal implication, for it imperatively requires that the jury shall ascertain in their verdict whether it is murder in the first or second degree. 112 Tenn. at 560, 82 S.W. at 828.

In the case of *Tharpe v. State,* 190 Tenn. 510, 230 S.W.2d 983 (1950), the indictment charged murder in the first degree and the jury returned its verdict stating: "Guilty as charged and assess his punishment at 10 years imprisonment." The State insisted even though the jury did not by its verdict specify the degree of murder it found against the defendant, inasmuch as the degree could be so clearly ascertained by the punishment given, then such verdict should be held valid. The Court rejected this argument. In refusing to reverse or modify the many previous holdings on this point, the Court noted under our statutes that murder is divided into two degrees carrying different punishment and it is solely within the province of the jury to ascertain by its verdict which degree it finds.

Over the long history of this statute the Court, without exception, has construed the statute to require the jury by its verdict to specify the degree of murder of which it finds a defendant guilty. As the *Waddle* case states, it is imperative upon the jury to do so. We do not think it

wise to modify these many previous holdings especially in view of the clear mandate of the statute, the language of same having remained unchanged all of these years. The acceptance of the verdict in the case at bar operates as a mistrial and does not discharge the defendant from further prosecution. *Waddle v. State,* supra.

The judgment of the trial court is reversed, and the writ of habeas corpus granted. The defendant is remanded to the custody of the proper officials of Hamilton County, Tennessee for retrial.

BURNETT, CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.

MR JUSTICE HUMPHREYS (concurring).

I concur, because the verdict and judgment are void, and so there is no judgment to which the harmless error statute, T.C.A. sec. 27-117, can be applied in affirmance.