Robert ROCKET, Jr., Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

March 17, 1972.

Certiorari Denied by Supreme Court
May 1, 1972.

Hugh W. Stanton, Jr., and Hugh W. Stanton, Sr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, J. Clyde Mason and D. F. Young, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

O'BRIEN, Judge.

Defendant, Robert Rocket, Jr., and another, were indicted and tried on a charge of first degree murder in the Criminal Court for Shelby County, Tennessee. Defendant was convicted of murder in the second degree with punishment fixed by the jury at not less than ten nor more than twenty years in the penitentiary. He appeals.

Error is charged on the weight and sufficiency of the evidence. Defendant has failed to carry the burden imposed upon him on appeal to show that the evidence preponderates against the verdict and in favor of his innocence.

There were numerous witnesses to the incident where defendant shot the deceased, Danny Brooks, with a shotgun. Various state witnesses testified they saw defendant aim at and shoot deceased while he was fighting with Dennis Smith. There was evidence that the defendant and Dennis Smith had taken the shotgun and gone to the home of deceased and waited for him to arrive there. That defendant had removed the shotgun from a guitar case in the back of the automobile owned by Smith and had placed it on the ground on the opposite side of the automobile while they waited. That defendant had pointed the weapon at several people present prior to the time it was discharged, killing Danny Brooks. There was also evidence that defendant and Smith had been carrying the shotgun in the car for some time and had a preconceived plan to kill the deceased. There was evidence that defendant had pointed the gun at deceased and made some remarks to him in reference to a fight they had earlier in the day when deceased had struck him in the mouth. This occurred prior to the altercation between deceased and Dennis Smith.

It is the defendant's theory that he and Dennis Smith were afraid of the deceased, Danny Lee Brooks. That he had previously administered beatings to defendant on several occasions. That on the day of the shooting they intended to scare him with the shotgun to avoid future conflict, and that there was no intention of shooting him. That there was no evidence of malice such as to warrant a conviction of murder, and the facts on the case at most make out a case of voluntary manslaughter.

There was a great deal of conflict in the evidence which unquestionably made an issue for the jury. Upon this record the jury was fully warranted in finding the defendant guilty of second degree murder.

"A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State. Such a verdict removes the presumption of the innocence of the accused which stands as a witness for him until he is convicted, and raises a presumption of his guilt upon appeal, and he has the burden upon appeal of showing that the evidence preponderates against the verdict and in favor of his innocence. Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; Jamison v. State, 220 Tenn. 280, 416 S.W.2d 768; Webster v. State, Tenn.Cr.App., 425 S.W.2d 799; Brown v. State, Tenn.Cr.App., 441 S.W.2d 485; Palmer v. State, Tenn.Cr.App., 435 S.W.2d 128; Morelock v. State, Tenn.Cr.App., 460 S.W.2d 861." McGill v. State, Tenn.Cr.App., 475 S.W.2d 223.

 The jury fixed the defendant's sentence at not more than twenty years nor less than ten years in the State Penitentiary. The trial court entered judgment for a period of not more than twenty years. The punishment for second degree murder is imprisonment in the penitentiary not less than ten nor more than twenty years (TCA Sec. 39–2408). The indeterminate sentence law (TCA Sec. 40–2707 through 40–2710) is applicable to second degree murder. Franks v. State, 187 Tenn. 174, 213 S.W.2d 105; Nicholas v. State, 211 Tenn. 264, 364 S.W.2d 895; Davis v. State, Tenn.Cr.App., 445 S.W.2d 933. This court has the authority and duty to modify the sentence so as to specify both the minimum and maximum term of imprisonment. Accordingly, the judgment in this case is modified to provide that the defendant is sentenced to imprisonment for not less than ten nor more than twenty years in the State Penitentiary.

As thus modified, the judgment of the trial court is affirmed.

WALKER, P. J., and RUSSELL, J., concur.