**John H. BUCHANAN**

v.

**STATE of Tennessee.**

Supreme Court of Tennessee.

Jan. 2, 1973.

Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., State of Tennessee, Phillip W. Brooks, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., and James G. Hall, Asst. Dist. Atty. Gen., Memphis, for the State.

OPINION

McCANLESS, Justice.

This is a post conviction case.

John H. Buchanan and two others were indicted at the January term, 1968, of the Criminal Court of Shelby County for the murder of one Rosalind Gaia. The first count charged that the defendants "did unlawfully, feloneously, wilfully, deliberately, premeditately and of their malice aforethought kill and murder Rosalind Gaia"; the other charged that they "did unlawfully feloneously, wilfully, maliciously, deliberately and premeditately kill and murder Rosalind Gaia in the perpetration of a robbery."

The court granted a severance and Buchanan was tried alone, the trial consuming about four days. The verdict, as appears from the court's judgment, was:

"The jury after having deliberated, upon their oath do say: We, the jury find the defendant guilty of murder in the perpetration of a robbery as charged in the second count of the indictment and fix his punishment at imprisonment in the state penitentiary for 99 years. Thereupon the Court proceeds to pass sentence, . . ."

The defendant was represented by two privately employed lawyers, who in their motion for a new trial, took no exception to the form of the verdict. Upon appeal in the nature of a writ of error the Court of Criminal Appeals affirmed the conviction, and we denied certiorari.

Buchanan by his post conviction petition has attacked the validity of the verdict. The Criminal Court dismissed the petition and the petitioner perfected his appeal in the nature of a writ of error to the Court of Criminal Appeals. That court affirmed the judgment of dismissal, and because we understand that in another case the Court of Criminal Appeals had held a similar verdict void and that their two opinions were in conflict, we granted certiorari.

Section 39–2402, T.C.A., provides:

"*Murder in the first degree.*—Every murder perpetrated by means of poison, lying in wait, or by any other kind of willful, deliberate, malicious, and premeditated killing, or committed in the perpetration of, or attempt to perpetrate,

any murder in the first degree, arson, rape, robbery, burglary, or larceny, is murder in the first degree."

Section 39–2404, T.C.A., is as follows:

*"Jury to ascertain degree.*—The jury before whom the offender is tried, shall ascertain in their verdict whether it is murder in the first or second degree; and if the accused confess his guilt, the court shall proceed to determine the degree of crime by the verdict of a jury, upon the examination of testimony, and give sentence accordingly."

The argument for the validity of the verdict—the one with which we agree—is that the jury, by their verdict, clearly intended that the court understand that they found that the defendant was guilty of murder in the first degree committed in the perpetration of a robbery, that being one of the definitions of murder in the first degree.

The contrary argument is that the actual words "murder in the first degree" must be used, their being somehow necessary in order to convey to the court the meaning of the verdict.

The question, we believe, is resolved by the reading of the definition of murder in the second degree, which is defined by Section 39–2403, T.C.A.

*"Murder in the second degree.* All other kinds of murder shall be deemed murder in the second degree."

By simple logic it must be deduced that if murder perpetrated in the commission of a robbery and other enumerated kinds of murder are murder in the first degree and all other kinds of murder are murder in the second degree, then the jury's verdict of murder in the perpetration of a robbery is a verdict of murder in the first degree.

This case must be distinguished from State ex rel. Lockhart v. Henderson, Warden, 221 Tenn. 480, 427 S.W.2d 834 (1967). In that case the jury did not specify the degree of homicide of which they found the defendant guilty; here the jury found the defendant guilty of murder in the first degree, using the same language employed in the statute to describe murder in the first degree.

We affirm the judgment of the Court of Criminal Appeals who affirmed the judgment of the Criminal Court.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Special Judge, concur.