**STATE of Tennessee, Petitioner,**

v.

**James Thomas WILLIAMS, Respondent.**

Supreme Court of Tennessee.

Feb. 5, 1973.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Nashville, W. R. Kinton, Jr., Dist. Atty. Gen., Trenton, for petitioner.

Pat H. Mann, Jr., Brownsville, for respondent.

OPINION

DYER, Chief Justice.

This case filed pursuant to our post-conviction statutes, T.C.A. § 40–3801 et seq., comes to this Court by grant of writ of certiorari directed to the Court of Criminal

Appeals. In this opinion James Thomas Williams will be referred to as defendant, and the State of Tennessee as the State.

On April 17, 1970, defendant, represented by competent counsel, entered a plea of guilty to the crime of murder in the first degree with the understanding the State would recommend to the jury empaneled to pass upon the issues that the sentence be life in prison. When the jury returned into open court the following colloquy took place:

> THE COURT: Have you gentlemen reached your verdict in this matter on the plea of guilty?

> JURY SPOKESMAN: We have.

> THE COURT: What is your verdict?

> JURY SPOKESMAN: Life in the penitentiary.

> THE COURT: As I understand you, on the defendant's plea of guilty to first degree murder you fix punishment at life in the penitentiary?

> JURY SPOKESMAN: Yes sir.

On November 12, 1971, the defendant filed his petition in the case sub judice alleging the judgment was void on the ground the jury failed to ascertain by its verdict whether the conviction is for murder in the first or second degree as required by T.C.A. § 39–2404.

The trial judge dismissed the petition. Upon appeal the Court of Criminal Appeals, by majority opinion, reversed the action of the trial judge voiding the judgment against defendant. The Court of Criminal Appeals was reluctant to take this action due to the obvious guilt of the defendant, but felt bound by the opinion of this Court in State ex rel. Lockhart v. Henderson, 221 Tenn. 480, 427 S.W.2d 834 (1968), and cases cited in this opinion.

Over a period of nearly one hundred fifty years there have been a number of cases tried pursuant to indictments for murder where this Court has found the judgments of guilt entered against defendants to be void on the ground the verdict of the jury did not conform to the statute now T.C.A. § 39–2404. Some of these cases are: Kirby v. State, 15 Tenn. 259 (1834); McPherson v. State, 17 Tenn. 279 (1836); Waddle v. State, 112 Tenn. 556, 82 S.W. 827 (1903); Tharpe v. State, 190 Tenn. 510, 230 S.W.2d 983 (1950); Nicholas v. State, 211 Tenn. 264, 364 S.W.2d 895 (1963); State ex rel. Lockhart v. Henderson, *supra*.

In *Kirby* and *McPherson* the jury verdict was "guilty in the manner and form charged in the bill of indictment;" in *Waddle* it was "find him guilty as charged in the indictment with mitigating circumstances;" in *Tharpe* it was "guilty as charged and assess his punishment at 10 years imprisonment;" in *Nicholas* it was "find the defendant guilty as charged;" in *Lockhart* it was "fix the punishment for the defendant at the term of not more than 50 years in the penitentiary." In all of these cases the jury did not ascertain by its verdict the degree of homicide of which it found the defendants guilty as required by statute, yet upon these verdicts the Court entered judgment. The critical issue is that there being no valid verdict then no valid judgment could be entered thereon. The case at bar is different.

In George v. Belk, 101 Tenn. 625, 49 S. W. 748 (1899), this Court held it was within the power of the trial judge to direct the jury to amend its verdict so as to conform with the statute. In this case the court said:

> The authorities are numerous to the effect that a jury may amend or change their verdict at any time before they have been discharged, or, if they bring in an informal or insufficient verdict, the court may send them back to the jury room with instructions to amend it and put it in proper form. 101 Tenn. at 627, 49 S.W. at 749.

This holding in George v. Belk, *supra,* is restated in Waddle v. State, *supra,* and Riley v. State, 189 Tenn. 697, 227 S.W.2d 32 (1949).

Under the colloquy between the court and jury copied above in this opinion, the jury did amend its verdict to conform to the statute prior to its discharge in that the jury under instructions of the judge found the defendant guilty of murder in the first degree, fixing the punishment at life in the penitentiary. This was a valid verdict upon which a valid judgment was entered.

It is true the court did not send the jury back to the jury room with instructions to amend its verdict to conform with the statute, but adopted the procedure of doing so in open court. If this is error it is harmless error under the circumstances of this case. There was no objection to the procedure adopted by the court.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court affirmed.

CHATTIN, HUMPHREYS, and McCANLESS, JJ., and WILSON, Special Judge, concur.